32492. BUSSELL v. YOUNGBLOOD et al.

BOWLES, Justice.

This appeal is from a declaratory judgment of the Superior Court of Laurens County finding Ga. L. 1960, p. 2073, Sec. 3, which provides that the Laurens County Grand Jury will be the final arbitrator in a dispute between the Commissioners of Roads and Revenues of Laurens County and the Sheriff of Laurens County over the number and salaries of deputy sheriffs for the coming year, to be unconstitutional. The judgment also found that portion of Ga. L. 1960, p. 2199, Sec. 5A, which authorized the Laurens County Grand Jury as the final arbitrator in a budget dispute between the commissioners and other department heads of Laurens County, including the sheriff, to be unconstitutional. Both of these provisions were held to be violative of that provision of the Constitution of the State of Georgia which provides that any tribunal created by the General Assembly for the transaction of county matters shall be uniform throughout the state and of the same name, jurisdiction and remedies. Art. IX, Sec. I, Par. VI (Code Ann. § 2-5806). Also violated was the state constitutional provision that laws of a general nature shall have uniform operation

throughout the state and no special law shall be enacted in any case for which provision has been made by an existing law. Art. I, Sec. II, Par. VII (Code Ann. § 2-207).

Under the provisions of Ga. L. 1960, p. 2072, Sec. 3, the Sheriff of Laurens County is required to submit at the first January meeting each year of the Commissioners of Roads and Revenues of the county, a list of deputy sheriffs he proposes to hire for the coming year, along with a recommended figure for the salary for each deputy sheriff. Under the provisions of Ga. L. 1960, p. 2199, Sec. 5A, the Sheriff of Laurens County is required to submit at that meeting of the commissioners a proposed budget covering the forthcoming fiscal year. In either case, should the commissioners fail to approve the recommendations as submitted, they are required to submit the sheriff's recommendations along with their own recommendations to the first grand jury of the Superior Court of Laurens County convening after the commissioners' meeting. Under the procedure set forth, it is then the duty of the grand jury to vote on the respective recommended budgets, and by two-thirds vote approve either of the budgets submitted.

Pursuant to these provisions, the Sheriff of Laurens County submitted his recommended budget to the commissioners. The commissioners disapproved the sheriff's proposal and submitted the sheriff's budget, along with the commissioners' budget, to the grand jury. The grand jury approved the sheriff's budget as submitted by a two-thirds vote. The sheriff then made written demand on the commissioners to comply with the grand jury's findings, and fund the sheriff's recommended budget. When the commissioners failed to comply, the sheriff filed an action for declaratory judgment and injunctive relief against the commissioners. The commissioners, in turn, filed an action for declaratory judgment against the sheriff. The actions were consolidated for hearing, and decision, there being no disputed facts. The Superior Court of Laurens County held that the objected-to portions of Ga. L. 1960, p. 2072, Sec. 3 and Ga. L. 1960, p. 2199, Sec. 5A, which authorized the Grand Jury of Laurens County as an arbitrating body to resolve budget disputes between the Commissioners of

Roads and Revenues and the sheriff's department, were unconstitutional. We affirm.

The Constitution of the State of Georgia, Art. IX, Sec. I, Par. VI, provides: "Whatever tribunal, or officers, may be created by the General Assembly for the transaction of county matters, shall be uniform throughout the State, of the same name, jurisdiction, and remedies. . ." Code Ann. § 2-5806. We read this statute as applying to the grand jury inasmuch as it is a tribunal created for transacting county business and considering county matters. The resolution of budget disputes between the Commissioners of Roads and Revenues of a county, and a department head of the county, such as a sheriff, would constitute transaction of important county matters. Any tribunal created by the General Assembly for the resolution of disputes involving expenditure of public county funds would have to be uniform throughout the state, and of the same name, jurisdiction and remedies. The special Acts of the General Assembly complained of in this case, designate the Grand Jury of Laurens County as final arbitrator in particular county budget matters. There is no general law enacted by the General Assembly which designates the grand juries of the state as arbitrators in disputes involving the number and salaries of deputy sheriffs or the sheriff's fiscal budget. Therefore, Sections 3 and 5A of the stated 1960 Acts are violative of the State Constitution and must be struck down.

The grand juries of the state have specific duties, uniform throughout the state, set forth in Code Ann. Chapters 59-2 through 59-5. The powers and duties of such bodies as stated in these general laws cannot be altered to enlarge, diminish, modify or change them by any special laws. For this reason, Ga. L. 1960, p. 2072, Sec. 3 and Ga. L. 1960, p. 2199, Sec. 5A are in violation of the Constitution of the state which provides, "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Art. I, Sec. 2, Par. VII (Code Ann. § 2-207).

The superior courts of Georgia have been vested with broad powers. It has long been recognized that one of these powers is to review and settle disputes involving the

Commissioners of Roads and Revenues. *Dunn v. Beck,* 144 Ga. 148 (86 SE 385) (1915); *Moore v. Baldwin County,* 209 Ga. 541 (74 SE2d 449) (1953). Therefore, the Superior Court of Laurens County and not the grand jury is the proper tribunal to resolve the disputes of a financial nature between the Commissioners of Laurens County and the sheriff's department. The declaratory judgment of the Laurens County Superior Court issued on March 28, 1977, is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1977 — DECIDED SEPTEMBER 7, 1977.

*Theodore S. Worozbyt, H. Dale Thompson,* for appellant.

*Jones, Jones & Hilburn, Paul J. Jones, Jr., Leon Green, Arthur K. Bolton, Attorney General,* for appellees.