## 34023. LOVETT et al. v. BUSSELL.

HILL, Justice.

Prior litigation involved the budget of the office of Sheriff of Laurens County for the year 1977. *Bussell v. Youngblood,* 239 Ga. 553 (238 SE2d 89) (1977). This litigation involves the sheriff's 1978 budget.

The Laurens County Commissioners disapproved the sheriff's 1978 budget and he applied to the superior court for resolution of the dispute. The superior court ordered the county commissioners to provide the sheriff with funds so that he could pay six of his deputies sums equal to that paid policemen in comparable positions in the Dublin Police Department.

Although the superior court has jurisdiction to review the administration of county affairs by the county commissioners (*Bussell v. Youngblood,* supra, 239 Ga. at 556), as was held in *Dunn v. Beck,* 144 Ga. 148 (1) (86 SE 385) (1915), "In the administration of county affairs county commissioners are vested by law with a broad discretion, and the reviewing power of a judge of the superior court should be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law." See also *Moore v. Baldwin County,* 209 Ga. 541 (2) (74 SE2d 449) (1953).

Notwithstanding the similarities between the training, duties and responsibilities of sheriffs' deputies and city policemen and notwithstanding the fact that they live in the same economic area and compete for the same jobs, these deputies have been allowed a 10% pay increase in 1977 and again in 1978 and no clear or manifest abuse of discretion by the Laurens County Commissioners has

been shown. To rule otherwise would be to delegate to city officials the authority to set county pay scales, and vice versa, for law enforcement officers, firemen, building inspectors, clerical personnel, sanitation workers and so on wherever similar county and city jobs exist.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978.

*J. Leon Green, III,* for appellants.
*H. Dale Thompson,* for appellee.