## BAILEY *v.* FULTON COUNTY.

A county is not liable for a tort committed by a chain-gang superintendent in unlawfully imprisoning one and compelling him to work, although the same was done in obedience to instructions from the county authorities.

Argued June 15, — Decided July 12, 1900.

Action for damages.  Before Judge Calhoun.  City court of Atlanta.  November term, 1899.

*Daley & Hall,* for plaintiff.  *L. Z. Rosser,* for defendant.

LUMPKIN, P. J.  The petition of Henry Bailey set forth that, for some alleged violation of the municipal ordinances of the city of College Park, he was sentenced by the mayor to serve a term of six months in the county chain-gang of Fulton county; that after the imposition of this sentence, which was wholly unauthorized by law, the marshal of that city delivered the plaintiff into the custody of the superintendent of the chain-gang, who confined and kept the plaintiff at work thereon for a period of more than five months; and that "the acts and doings of said superintendent in thus confining this petitioner at hard labor in said chain-gang was done in obedience to instructions issued to him by the county authorities of said county."  The petition was dismissed on demurrer, and the plaintiff excepted.  The only question for decision is whether or not a county is liable in damages for a tort of the character committed upon the plaintiff in error.  We are quite clear that it is not. That "a municipal corporation is not liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law," is now a part of our statute law codified from decisions of this court.  Political Code, § 744. The principle upon which the cases referred to were based is obviously applicable to like torts committed by county officials. Aside from this, it is also in the code expressly provided that

"a county is not liable to suit for any cause of action unless made so by statute" (Ibid. § 341), and there is in this State no statute rendering a county liable for any such cause of action as that set forth in the present petition.    The question of the liability of a county for torts committed by its officers was fully discussed in the case of *Millwood* v. *DeKalb County*, 106 *Ga.* 743.    See the opinion of Mr. Justice Cobb and the authorities therein cited.

Counsel for the plaintiff in error sought to bring this case within the ruling announced in *Barfield* v. *Macon County*, 109 *Ga.* 396, following the decision in *Smith* v. *Floyd County*, 85 *Ga.* 420, in which it was held that: "Construing the constitution of 1877 and the code together, a right of action exists against a county for damaging private property for public uses in constructing the approaches to a county bridge, thereby elevating the roadway above an adjacent lot so as to hinder access to the lot from the road."    These cases, however, turned upon the constitutional right of persons whose property is taken or damaged for public uses to have just and adequate compensation for the same, and the corresponding liability which would necessarily attach when the taking or damaging was done by a county in its capacity as a public corporation.    Manifestly, the framers of the constitution contemplated that counties, in making public improvements, would take or damage private property, and accordingly the constitutional provision above referred to was held to create a right, irrespective of express legislative enactment, to bring an action against a county in such cases.    The whole subject is fully discussed by Chief Justice Bleckley in the case cited from the 85th *Ga.*, and therefore need not now be further elaborated.    The present case is of an altogether different character.    While it is true that the constitution declares that "no person shall be deprived of life, liberty, or property except by due process of law," there is nothing in this instrument which either expressly or by implication imposes upon counties a liability for the tortious acts of any officer committed in violation of this provision of our fundamental law.    *Judgment affirmed.    All the Justices concurring.*