## FUNK v. BROWNE & LEACY et al.

HILL, J. 1. "Where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract." *Clarke* v. *Cagle*, 141 *Ga.* 703 (82 S. E. 21, 53 L. R. A. (N. S.) 317).

2. A court can not take judicial cognizance of municipal ordinances. If they are relied on to show rights arising to the plaintiff in regard to land, they should be set out in the pleadings, in order that it may be determined what rights are conferred by them. In an equitable action to compel specific performance of an agreement to sell a certain lot of land, and to have an additional lot conveyed by a municipality to the plaintiff instead of to the defendant, because of certain ordinances which it is alleged give that right to the owner of the main lot in controversy upon the payment of a certain sum, a mere general reference to certain ordinances by named dates is subject to special demurrer.

3. Where an equitable petition alleged that the plaintiff had entered into a written contract with the defendant for the purchase of a certain described lot; that under certain ordinances of the municipality where the lot was located the owner was entitled to obtain from the corporation a conveyance of certain lands "appurtenant" to the lot, and called an "extension," upon payment to the municipality of a certain amount; that the vendor failed and refused to carry out the contract of sale, and was claiming that a conveyance of the "extension" should be made to her by the municipality, which conveyance the plaintiffs contended should be made to them; and that such extension and the right to have the lot lying between the main lot and the ocean was vitally important to the main lot, and a failure to obtain it would work an irreparable damage to the main lot,—the plaintiffs might in the same equitable action seek to have the contract of sale specifically performed, and also have the rights of the parties as to the extension determined, although they might not have the right to have the municipality convey to them the extension until they became the owners of the main lot.

4. Where the plaintiffs made an amendment to their petition, in which they struck therefrom "all, and as much, of the allegations of paragraphs 6, 7, 8, and 9 thereof as relate to one of the defendants," (the vendor), the other defendant being the municipality; and where the paragraphs bearing the numbers mentioned contained the averments of the plaintiffs tending to show their alleged right to have a conveyance made to them by the municipality upon the payment of a certain sum to it, instead of to their vendor, this left the paragraphs mentioned subject to demurrer on the ground that they did not set forth plainly, fully, and distinctly the plaintiffs' complaint, and that it was impossible to separate so much of said paragraphs as related to the vendor from what related to the municipality and other matters.

The plaintiffs might amend by striking certain allegations; but where those allegations were so mingled and connected with other allegations affecting the asserted right of the plaintiffs to obtain a conveyance from the municipality of the additional land called "the annex," and the two sets of allegations were not distinct and separate, it was not a proper mode of amendment in general terms to strike so much of the allegations of the paragraphs as related to one of the defendants, without pointing them out, and leave the court and the adverse party uncertain as to what was withdrawn by the amendment. Such a method of amendment opened those paragraphs to special demurrer.

5. Under the allegations of the petition and the amendments thereto, and the terms of the written contract which was attached as an exhibit to the petition, there was no error in overruling the demurrer.

6. Under former rulings of this court, where a defendant demurred to a petition and the demurrer was overruled, but had it been sustained the judgment would have finally disposed of the case, the judgment, overruling such demurrer may be brought to this court by direct bill of exceptions. Civil Code, § 6138. But where a defendant excepted to such judgment, this did not authorize her to bring before this court for adjudication the sustaining of demurrers filed by the plaintiffs to an amended plea; nor did it authorize the plaintiffs to file a cross-bill of exceptions assigning error upon the judgment overruling certain general and special demurrers to a second answer filed by the defendant, and motions to strike it, "and particularly the second paragraph thereof."

7. Except as indicated above, there was no error in overruling the demurrer to the petition.

*Judgment on main bill of exceptions reversed. Cross-bill of exceptions dismissed. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Equitable petition. Before Judge Charlton. Chatham superior court. March 1, 1915.

*William W. Gordon,* for plaintiff in error (Funk).

*William M. Farr* and *O'Byrne, Hartridge & Wright,* contra.