30333. NESBITT et al. v. LEWIS et al.

NICHOLS, Chief Justice.

The appellants brought an action for writ of mandamus against the commissioners of the City of Cordele. The petition alleges that they are owners of certain property abutting on both sides of Eleventh Avenue in the City of Cordele and that the city has illegally abandoned another portion of Eleventh Avenue and allowed private enterprise to fence in a part of the right-of-way for the stockpiling of steel products. Due to the obstruction of the street, the plaintiffs are required to detour several blocks around the obstructed portion in traveling to and from their property. The plaintiffs sought by their petition to compel the city to remove the obstruction, to open the street to the public and to repair and maintain the street in a proper manner.

The city defended on the ground that the portion of Eleventh Avenue in question had been closed by a condemnation proceeding under an urban renewal project.

" 'The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought and there is no other adequate remedy.' *Lindsey v. Board of Commissioners &c. of Colquitt County,* 169 Ga. 368 (150 SE 261); *Rollins v. Elder,* 180 Ga. 316, 318 (178 SE 719); *Wright v. Forrester,* 192 Ga. 864, 867 (16 SE2d 873); *Densmore v. West,* 206 Ga. 531, 532 (57 SE2d 675). If the allegations of the petition should be construed as sufficient to show the creation of a public nuisance, there are no allegations that the abatement of the nuisance in the manner authorized by law would not afford the petitioners adequate relief. The writ of mandamus, therefore, would not lie." *State Hwy. Dept. v. Reed,* 211 Ga. 197 (3) (84 SE2d 561) (1954).

The trial court was authorized to find that the petitioners in this case had not carried the burden of showing that the legal remedy to abate a nuisance would not afford adequate relief for the removal of the obstruction and maintenance of the street in question. Accordingly, the trial court's finding that petitioners have an adequate remedy at law must be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who concur in the judgment only.*

ARGUED OCTOBER 15, 1975 — DECIDED
OCTOBER 28, 1975.

*Walters & Davis, W. Emory Walters, James W. Hurt,* for appellants.
*Guy Velpoe Roberts, Jr.,* for appellees.