30458. WAYNE COUNTY BOARD OF COMMISSIONERS v. WARREN.

JORDAN, Justice.

This appeal is from the denial of a motion to dismiss an application for mandamus, and from the judgment granting mandamus absolute.

LeRoy Barnwell Warren, Jr., Sheriff of Wayne County, brought an application for mandamus against the Wayne County Board of Commissioners and the members thereof which alleged: Pursuant to his official duties as sheriff, a civil rights action under federal statutes was filed against him in the United States District Court for the Southern District of Georgia, Brunswick Division.

Due to the unique nature of his duties as sheriff, civil rights actions constitute an inherent functional hazard of his office. Derivative of this civil rights action a judgment was granted to the United States Fidelity & Guarantee Company of Savannah, Georgia, against him in the principal amount of $10,000, plus interest and costs. This judgment can be settled with the United States Fidelity & Guarantee Company for the amount of $7,500. The judgment is a legitimate operational expense of his office and the Wayne County Board of Commissioners has an affirmative duty to fund the reasonable and necessary expenses of his department. He has demanded that they provide the necessary funds to settle this judgment and they have refused. It was prayed that mandamus absolute issue requiring the commissioners to provide funds in the amount of $7,500 to settle this judgment.

The trial judge denied the motion of the defendants to dismiss the application for mandamus for failure to state a claim on which relief could be granted. After hearing, a mandamus absolute was granted directing the Wayne County Board of Commissioners to provide the amount of $7,500 to the sheriff for the settlement of the judgment in the civil rights action.

Error is enumerated only on the denial of the motion to dismiss. The question for determination, therefore, is whether Wayne County could be liable for a judgment obtained against its sheriff in a civil rights action under any state of facts. If not, the motion to dismiss should have been sustained. *Revels v. Tift County,* 235 Ga. 333 (219 SE2d 445) (1975).

"A county is not liable to suit for any cause of action unless made so by statute." Code § 23-1502.

Sheriffs are required to furnish bonds (Code § 24-2805, as·amended) and the counties must pay the premiums on such bonds. Ga. L. 1947, p. 1543; 1949, pp. 1190, 1191; 1951, p. 741 (Code Ann. § 89-405.1) Counties are authorized, in their discretion, to purchase policies of liability insurance or contracts of indemnity to insure sheriffs and other public officials against personal liability for damages arising out of the performance of their duties. Ga. L. 1974, pp. 702, 703 (Code Ann. § 89-945).

Except for the payment of the premiums above mentioned, a county has no liability in connection with the violations of the civil rights of any person by a county officer. The application for mandamus stated an incorrect conclusion of law in the allegation that the settlement of the judgment obtained against the sheriff is an expense of his office which the county is obligated to pay. See: *Hammond v. County of Richmond,* 72 Ga. 188 (1883); *Wilson v. County of Fannin,* 74 Ga. 818 (1885); *Bailey v. Fulton County,* 111 Ga. 313 (36 SE 596) (1900).

The judgment in the civil rights action is an adjudication of misconduct on the part of the sheriff's office. The sheriff has no right to go back of this judgment and prove any set of facts exonerating his department from blame.

Mandamus can be issued only when the person seeking it has a clear legal right to have the particular act performed. Code § 64-101; *Adkins v. Bennett,* 138 Ga. 118 (1) (74 SE 838) (1912); *Jowers v. Griffin,* 220 Ga. 242 (1) (138 SE2d 370) (1964). Since there is no duty of the county to furnish the sheriff with money to settle a civil rights judgment entered against him, the application for mandamus did not state a claim on which relief could be granted under any state of facts.

The court erred in refusing to dismiss the application for mandamus, and in entering mandamus absolute against the Wayne County Board of Commissioners.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 14, 1976 — DECIDED FEBRUARY 2, 1976.

*Gibbs & Leaphart, Alvin Leaphart,* for appellant.

*Worozbyt & Beskin, Theodore S. Worozbyt,* for appellee.