## 33761. HERNANDEZ v. BOARD OF COMMISSIONERS OF CAMDEN COUNTY.

BOWLES, Justice.

The appellant, Marc A. Hernandez, made application to the Camden County Board of Commissioners for a retail license to sell beer and wine at the Kings Bay Drive-in Theatre. Pursuant to regulations established by the board, notice was duly given that the application would be considered at the February 21, 1978 meeting of the board and, that anyone having objections to the issuance of the license should address his complaint to the board prior to that date.

At the February 21st hearing, the appellant's application was brought before the commissioners. The minutes of that hearing, which were made a part of the record, show that several petitions had been filed prior to the hearing in opposition to the issuance of the license and, that a delegation of 14 persons appeared at the hearing before the board to oppose the license being issued. Appellant's application for the license was denied.

Thereafter, appellant filed a petition for a writ of mandamus against the Camden County Board of Commissioners seeking to compel them to issue a retail beer and wine license. In the petition, appellant alleged that he had met all the legal requirements for the issuance of such a license, but, notwithstanding, the board of commissioners had arbitrarily and illegally denied his application.

Appellant's petition for mandamus came on to be heard in the Superior Court of Camden County, and, appellant having failed to show cause why a mandamus absolute should issue, the trial court ordered that the petition be denied.

Appellant appeals that order. We affirm.

The right to extraordinary aid of mandamus exists only when the person seeking it has a clear legal right to have the particular act performed. *Hatcher v. Hancock County Commrs.,* 239 Ga. 229 (236 SE2d 577) (1977); *Wayne County Bd. of Commrs. v. Warren,* 236 Ga. 150 (223 SE2d 133) (1976). When an applicant for a retail beer and wine license has met the prescribed standards for obtaining it, a refusal by the municipal authorities to issue the license constitutes a denial of equal protection, entitling the applicant to a writ of mandamus. *City of Atlanta v. Hill,* 238 Ga. 413 (233 SE2d 193) (1977). The denial of a liquor license on arbitrary grounds constitutes a violation of equal protection for which a writ of mandamus will lie. *Bozik v. Cobb County,* 240 Ga. 537 (242 SE2d 48) (1978).

The commissioners, as local elected officials, must exercise the authority vested in them by the General Assembly to determine whether an applicant is entitled to a license under the rules and regulations *set out in the ordinance.* Where an ordinance of a municipality is relied upon, it must be pleaded and proved in the trial court. *Funk v. Browne & Leacy,* 145 Ga. 828 (2) (90 SE 64) (1916); *Tyson v. Shoemaker,* 83 Ga. App. 33, 47 (62 SE2d 586) (1950); *Sweet v. Awtry,* 70 Ga. App. 334, 336 (28 SE2d 154) (1943). In the instant case, the appellant did not introduce into evidence the Camden County ordinance governing the issuance of retail beer and wine licenses which was in effect at the time of his petition and, therefore, the ordinance, the requirements of which appellant contends he fully met, is not a part of the record before this court on appeal. In the absence of such ordinance in the record appellant cannot show a clear legal right entitling him to a writ of mandamus and, therefore, we presume that the trial court was correct in denying the applicant's petition.

The record, does however, clearly show that prior to the commissioners' hearing several persons filed petitions in opposition and 14 persons appeared in person to oppose the issuance of the license. Under these facts we cannot say that the license was arbitrarily denied by the commissioners nor that the trial court improperly denied the appellant's petition for a writ of mandamus.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 30, 1978 — DECIDED
SEPTEMBER 6, 1978.

*J. Robert Morgan,* for appellant.
*M. F. Martin, III,* for appellee.