## 34733. CLIFTON et al. v. BERRY et al.

MARSHALL, Justice.

The plaintiffs filed this petition for writ of mandamus against the Mayor and City of Atlanta, and the Commissioner of Aviation for the City of Atlanta. It is alleged in the complaint that: The defendants are recipients of a federal grant for the purpose of acquiring certain properties, which include the properties of the plaintiffs, for the expansion of the William B. Hartsfield Atlanta International Airport; the defendants have acquired approximately 90% of the properties encompassed within the federal grant, but the defendants have refused to continue acquiring the remaining properties in an effort to coerce the plaintiffs into selling their homes at the price offered by the defendants; and, by virtue of the defendants' purchase of the other homes in the area, the area has become a virtual "ghost town" infested with rats and other creatures, making it an unfit place to live. The plaintiffs pray that a writ of mandamus be issued to compel the defendants to institute condemnation proceedings against the plaintiffs' properties. The trial court granted the defendants' motions for summary judgment, and the plaintiffs appeal.
*Held:*

The writ of mandamus is issued to compel public

officials to perform their official duties where there is no other adequate legal remedy. Code § 64-101; *Nesbitt v. Lewis,* 235 Ga. 477 (220 SE2d 7) (1975); *Harper v. Burgess,* 225 Ga. 420 (169 SE2d 297) (1969); *Ungar v. Mayor &c. of Savannah,* 224 Ga. 613 (163 SE2d 814) (1968). In the present case, the plaintiffs do have an adequate legal remedy through inverse condemnation proceedings. See *DOT v. Roberts,* 241 Ga. 433 (246 SE2d 293) (1978). It is axiomatic that if the petitioner for writ of mandamus has another adequate legal remedy, mandamus will not lie. Therefore, subsections 7 and 8 of Section 8 of the Georgia Relocation Assistance and Land Acquisition Policy Act of 1973 (Code Ann. § 99-3708 (7) & (8); Ga. L. 1973, pp. 512, 517) should not be read as statutory authority for a property owner to compel the institution of condemnation proceedings by way of mandamus.

Since the complaint does state a claim for relief as an inverse condemnation action, the judgment appealed from is reversed and the case remanded for further proceedings. Under the CPA, a complaint should not be dismissed if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff. *Almaroad v. Giles,* 230 Ga. 473 (197 SE2d 706) (1973).

*Judgment reversed and remanded. All the Justices concur.*

ARGUED APRIL 9, 1979 — DECIDED SEPTEMBER 5, 1979.

*Gene Burkett,* for appellants.
*Ferrin Y. Mathews, Joe Harris, Gary S. Walker,* for appellees.