40641. LANSFORD v. COOK et al.

GREGORY, Justice.

This appeal arises out of a mandamus action brought in Liberty Superior Court. In April 1983, appellant, Robert C. Lansford, was notified by the Superintendent of the Savannah school system that his teaching contract would not be renewed for the 1983-84 school year. Pursuant to the Fair Dismissal Act, OCGA § 20-2-940 et seq. (Code Ann. § 32-2101c), appellant was notified there would be a hearing on the matter before the appellees, the Professional Practices Commission (P.P.C.) on July 13, 1983.[1] Through his counsel, appellant requested the P.P.C. issue pre-hearing discovery subpoenas for the purpose of compelling the presence of witnesses at depositions and to compel the production of documents. The request was denied July 6, 1983. The appellant then sought and was granted by the superior court, an ex-parte mandamus nisi order which continued the P.P.C. hearing until the motion could be heard and determined. That order was vacated the next day after a hearing due to appellant's failure to notify the Attorney General as required by OCGA § 9-10-2 (Code Ann. § 3-116).[2] The hearing proceeded before the P.P.C. as scheduled. The P.P.C. affirmed the decision not to renew appellant's contract. Thereafter, appellant brought this action seeking a writ of mandamus to compel the P.P.C. to issue pre-hearing discovery subpoenas and order a new hearing before the P.P.C. The trial court denied the writ on the ground the discovery sought would have been pursuant to the Civil Practice Act which is not applicable to administrative proceedings.

In this appeal, appellant contends the trial court erred in denying mandamus relief. We disagree and affirm.

Mandamus is a harsh remedy and ought not be granted unless a defect in legal justice would ensue from failure to grant it. OCGA § 9-6-20 (Code Ann. § 64-101). The right to the extraordinary writ

---

[1] OCGA § 20-2-940(e)(1) (Code Ann. § 32-2101c) provides in relevant part, "[t]he hearing shall be conducted before the local [school] board . . . or the local board may refer the matter for a hearing to a tribunal constituted by the Professional Practices Commission, created pursuant to Part 1 of this Article."

[2] OCGA § 9-10-2 (Code Ann. § 3-116) provides in relevant part, "Any verdict, decision, judgment, decree, order, ruling, or other judicial action by any court in this state in any matter in which this state or an official of this state in his official capacity is a party defendant . . .shall be void unless it affirmatively appears as a matter of record . . . [t]hat the Attorney General was given five days' advance written notice. . . ."

exists only when the person seeking it has a clear legal right to have the particular act performed. *Hernandez v. Camden County Commrs.,* 242 Ga. 76, 77 (247 SE2d 870) (1978). The duty which the complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act be done, but must require its performance. *Smith v. Branch,* 215 Ga. 744 (2) (113 SE2d 445) (1960). The appellant argues he had a clear legal right to the pre-hearing discovery subpoenas and that the P. P. C. had a duty to issue same prior to his administrative hearing. OCGA § 20-2-940(b)(4) (Code Ann. § 32-2101c) provides "that the charged teacher or other person, upon request, shall be furnished with compulsory process or subpoena legally requiring the attendance of witnesses and the production of documents and other papers as provided by law." Appellant contends this section does not limit the witnesses' compulsory attendance to a hearing but provides for compulsory attendance of witnesses "as provided by law," and the law can be taken from any statute dealing with subpoenas, such as the Civil Practice Act, the Administrative Procedure Act or an evidence statute. We find no authority in this statute, nor has appellant directed us to any, which would indicate the legislature intended such an expansive construction of the terms "as provided by law." The subpoenas referred to above apply to the hearing before the local board. There is no statutory authority for the P. P. C. (sitting for the local board) to issue subpoenas for discovery purposes in teacher termination cases. "Mandamus will not lie to compel an officer to do an act which he has no power to perform when application for the writ is made." *Sauls v. Winters,* 215 Ga. 515 (111 SE2d 41) (1959).

Furthermore, mandamus will not lie where it appears that the complainant has not availed himself of the administrative remedies available under OCGA § 20-2-1160 (Code Ann. § 32-910). *Surrency v. Dubberly,* 225 Ga. 735 (171 SE2d 306) (1969). That code section provides for an appeal to the State Board of Education from decisions concerning the termination of teachers pursuant to the Fair Dismissal Act. The decision of the State Board may be appealed to the superior court. Appellant did not exhaust these remedies prior to bringing this action. Mandamus is not available where another specific legal remedy exists. *Clifton v. Berry,* 244 Ga. 78, 79 (259 SE2d 35) (1979).

Appellant also contends the Administrative Procedure Act, specifically OCGA § 50-13-13 (a)(6) (Code Ann. § 3A-114), authorizes the discovery subpoenas he sought. We find no merit in this contention as it is well settled that a local board of education is not included within any of the definitions of "agency" contained in the

statute and is thus outside its scope. OCGA § 50-13-2 (1) (Code Ann. § 3A-102); *Hood v. Rice,* 120 Ga. App. 691 (5) (172 SE2d 170) (1969), *cert. denied* 397 U. S. 1070 (1970). The trial court did not err in denying the writ of mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*Stephen H. Harris,* for appellant.

*Edward H. Lee, Michael J. Bowers, Attorney General, Patrick W. McKee, Assistant Attorney General,* for appellees.