### 40905. CHATHAM COUNTY COMMISSIONERS et al. v. RUMARY.
#### (315 SE2d 881)

WELTNER, Justice.

The Chatham County Board of Commissioners appeals from a judgment of mandamus absolute.

1. Section 8-2014 of the Chatham County Code provides: "Whenever any claim is made or proceeding is brought against an employee, either against him asserting personal liability for damages arising out of the performance of his duties or in any way connected therewith, whether based on negligence, violation of contract rights or violation of civil, constitutional, common law or other statutory rights, whether federal, state or local, Chatham County shall, upon his written request, provide for his defense unless otherwise limited by the terms of this section."

Rumary filed suit against a Chatham County deputy sheriff for injuries resulting from an automobile collision allegedly caused by the deputy's negligence, while in performance of his official duties. Pursuant to the above provision, Chatham County provided for the defense of the deputy at trial. The jury returned a verdict against the deputy in the amount of $15,000.

2. Section 8-2016 (a) of the Chatham County Code provides: "Where defense of a claim or proceeding against an employee is provided by this section, all final judgments awarded in courts of competent jurisdiction against employees in proceedings to which this section applies or any amount payable under any settlement of such proceeding or of claims in accordance with this section shall be paid by Chatham County as hereinafter provided."

After demand, the Board of Commissioners refused to pay Rumary's judgment, claiming governmental immunity. It insists that Section 8-2016 (a) is rendered inapplicable by Section 8-2017 of the

Chatham County Code, which provides: "Nothing herein contained shall be deemed to constitute any waiver by Chatham County of the governmental immunity afforded it under the Constitution and laws of the State of Georgia."

Section 8-2014 required, at least in this case, that the county defend its employee. Defense having been provided, Section 8-2016 (a) required Chatham County to pay the judgment. The Board's reliance upon § 8-2017, supra, is misplaced, as the promulgation of § 8-2016 (a), supra, is plainly a cession *pro tanto* of whatever immunity it might otherwise enjoy.

3. The Board insists that it cannot be bound to pay Rumary's judgment because it was not made a party to her action against the deputy sheriff, citing *Burgess v. Nabers*, 122 Ga. App. 445 (2) (177 SE2d 266) (1970) and *Smith v. Downing Co.*, 21 Ga. App. 741 (9) (95 SE 19) (1917). Again, this defense must fail. The nature of the Board's liability here is not that of *respondeat superior*, but exists solely by virtue of its voluntary and self-imposed obligation to provide indemnification for the acts of its employees committed during the performance of their duties. Section 8-2016 (a), supra. As the county attorney, at the direction of the Board, conducted the defense of Rumary's action, there can be no question as to the adequacy of notice to the Board.

The judgment of the trial court was manifestly correct.

4. OCGA § 5-6-6 provides: "When in the opinion of the court the case was taken up for delay only, 10 percent damages may be awarded by the appellate court upon any judgment for a sum certain which has been affirmed." This appeal may be so lacking in substance as to come within the ambit of OCGA § 5-6-6. The Board is invited to submit its brief within ten days to suggest why damages should not be assessed.

*Judgment affirmed. All the Justices concur, except Gregory, J., who dissents as to Division 4.*

Decided May 22, 1984 — Rehearing denied June 19, 1984.

*Oliver R. Hunter,* for appellants.
*George A. Zettler,* for appellee.