41505. CHATHAM COUNTY COMMISSIONERS et al. v. CLARK.
(324 SE2d 448)

HILL, Chief Justice.

In this appeal, the Chatham County Commissioners ask us to re-examine our recent decision in *Chatham County Commissioners v. Rumary,* 253 Ga. 60 (315 SE2d 881) (1984), in which it was held that under the Chatham County Code, the county was obligated to pay a judgment entered against one of its employees in a suit arising out of performance of the employee's duties or connected therewith. After consideration, we adhere to that decision.

Here, a judgment for $40,000 in actual damages and $10,000 in punitive damages was entered against a county police officer in a suit in federal court in which the county attorney provided the defense. See Clark v. Beville, 730 F2d 739 (11th Cir. 1984).[1] When the county commissioners refused to pay the $40,000 in actual damages upon demand, this suit for mandamus was filed.[2] The trial court ordered the commissioners to pay the $40,000 judgment, and they appeal.

We held in *Rumary,* supra at p. 61: "Section 8-2014 [of the Chatham County Code] required, at least in this case, that the county defend its employee. Defense having been provided, Section 8-2016 (a) required Chatham County to pay the judgment. The Board's reliance upon § 8-2017 ["Nothing herein contained shall be deemed to constitute a waiver by Chatham County of the governmental immunity . . ."] . . . is misplaced, as the promulgation of § 8-2016 (a) . . . is plainly a cession *pro tanto* of whatever immunity it might otherwise enjoy." Chatham County has not waived its governmental immunity; it has not had judgment rendered against it for the tort of its employee, except indirectly in this mandamus action, as to which government is not immune. See *Stanley v. Sims,* 185 Ga. 518, 525-526 (195 SE 439) (1938). It has, as an employer, agreed to protect its employees against claims against them arising out of the performance of their duties. The county cannot now renege on that obligation.

Insofar as the commissioners argue the county cannot be liable for the judgment because they were not made parties, that contention

---

[1] Officer Beville's liability to Clark has been adjudicated and is not open to relitigation here. The fact that two of his superior officers were dismissed from that suit is irrelevant.

[2] Section 8-2016 of the code excludes payment of punitive or exemplary damages. It also limits payment to $25,000 for property damage, to $50,000 for any other claim by one claimant, and to $300,000 for any one occurrence regardless of the number of claimants. It also excludes claims covered by insurance provided by the county.

was also decided adversely to them in *Rumary*, supra at p. 61. By the terms of the Chatham County Code, the county has agreed to indemnify its employees; that is, the county's obligation is like that of a liability insurance company using its attorney to defend the covered employee. Hence the county need not be a named defendant.

The commissioners next seek to distinguish *Rumary* because that case involved negligence, an auto accident with a deputy sheriff, whereas this one involves an intentional tort, using excessive force in making an arrest without probable cause. The suit against officer Beville was filed under 42 USCA § 1983; thus it is a civil rights case included, like negligence, in Section 8-2014: "Whenever any claim is made or proceeding is brought against an employee, either against him asserting personal liability for damages arising out of the performance of his duties or in any way connected therewith, whether based on *negligence*, violation of contract rights or *violation of civil, constitutional*, common law or other statutory *rights*, whether *federal*, state or local, Chatham County shall, upon written request, provide for his defense unless otherwise limited by the terms of this section." Thus, we see no ground for distinction on this basis.

The commissioners urge that, construing the code as a whole, it should be interpreted to mean that the county should pay judgments pursuant to Section 8-2016 (a) except where govenmental immunity exists pursuant to Section 8-2017. Such construction would render Section 8-2016 (a) nugatory. *City of Atlanta v. Gilmere*, 252 Ga. 406 (314 SE2d 204) (1984), is inapposite.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1985.

*Fred S. Clark*, for appellants.
*John G. Hunter*, for appellee.