## S97A0397. CLEVELAND v. SKANDALAKIS et al.

(485 SE2d 777)

THOMPSON, Justice.

David L. Cleveland, as administrator of the estate of Ronnie I. Cleveland, appeals from the denial of his petition for writ of mandamus brought against Mitch J. Skandalakis, Chairman of the Fulton County Board of Commissioners, Fulton County, and the Fulton County Board of County Commissioners, seeking to compel the payment of a default judgment entered in favor of plaintiff against a county employee, Oscar Harris.

This litigation was spawned from an action for damages for the wrongful death of Ronnie Cleveland, brought by his family and estate in 1985 against the Georgia Mental Health Institute (GMHI), a GMHI physician, and Fulton County, alleging negligence under state law and violations of 42 USC § 1983 (Cleveland I). The Fulton County Attorney assigned counsel to represent the county.

One year later, the same plaintiffs filed a second suit (Cleveland II) arising from the same incident, naming county employees Oscar Harris, R. C. Waits, and others as defendants. The County Attorney assigned counsel to represent Harris and Waits in Cleveland II, under Fulton County Code of Laws, § 22-4-4, an indemnification provision which requires the county, under certain circumstances, to defend against the acts of its employees and to pay any court-awarded judgment. The two lawsuits were consolidated, and in May 1989, summary judgment was granted to the defendants on the § 1983 claim. Plaintiffs appealed the grant of summary judgment, see *Cleveland v. Fulton County*, 196 Ga. App. 168 (396 SE2d 2) (1990), and dismissed, without prejudice, the remaining state law claims.

Finally, plaintiffs refiled their suit under OCGA § 9-2-61 (Cleveland III), naming only Harris and Waits as defendants, and renewing the state law claims which had been dismissed in the consolidated action. The County Attorney again appointed counsel to represent Waits, but declined to represent Harris (who was no longer employed by the county) because Harris never requested representation from the county in the renewal action, either orally or in writing, and failed to advise the county or his prior counsel of service of the new complaint. Default judgment was entered against Harris in the amount of $427,500, and plaintiffs demanded payment from the county. When the county refused, the administrator of Cleveland's estate brought the present petition for a writ of mandamus to compel the county, the Board of County Commissioners, and its chairman Skandalakis, to pay the judgment. The petition was denied. We affirm.

The extraordinary writ of mandamus will not lie unless the peti-

tioner seeking it has a clear legal right to have the act performed. *Lansford v. Cook*, 252 Ga. 414, 415 (314 SE2d 103) (1984). "[T]he law must not only authorize the act be done, but must require its performance." Id. Thus, in order to prevail, petitioner must demonstrate that defendants were required by law to provide Harris with a defense in Cleveland III and to pay the resulting default judgment.

As relevant to this decision, Fulton County Code § 22-4-4 (b) provides, "Whenever any claim is made or proceeding is brought against an employee, . . . Fulton County shall, *upon his timely written request*, provide for his defense unless otherwise limited by the terms of this article." (Emphasis supplied.) As defined by the Code, the term " 'claim' includes all claims presented against an employee prior to institution of a proceeding," and a " 'proceeding' includes any matter of a civil nature in or before any court or agency of this state or of any other state or of the United States." Fulton County Code § 22-4-4 (a) (2) and (4). Subsection (c) enumerates grounds for the county's refusal to defend a claim or proceeding. Under § 22-4-4 (c) (1) (e), "[t]he county shall refuse to provide for the defense of a claim or proceeding brought against an employee if it determines that: . . . The request was not timely made . . . ." Finally, subsection (d) requires that all final judgments awarded by a court of competent jurisdiction be paid by the county, "[w]here defense of a claim or proceeding against an employee is approved as provided by this article. . . ."

The undisputed facts show that Harris failed to comply with the "timely written request" requirements of Fulton County Code § 22-4-4 (b) after he was served with the complaint in Cleveland III. And since he failed to comply with the statutory condition precedent, the county had no duty to defend Harris or to pay any judgment entered against him.

Plaintiff submits that the proceeding initiated by Cleveland III was merely a renewal of the litigation for which the county had provided a defense for Harris in Cleveland II, and that the county had an ongoing obligation to defend Harris as part of a pending "claim." We disagree with this interpretation. Any claim or proceeding against Harris was terminated by the dismissal of Cleveland II. A renewal suit filed under OCGA § 9-2-61 is an action de novo. *Granite State Ins. Co. v. Nord Bitumi*, 262 Ga. 502 (422 SE2d 191) (1992). Timely written notice was required in order to obligate the county to defend the lawsuit, and without a request for defense in Cleveland III, no such obligation arose.

Only if the county undertakes to defend its employee and a judgment is rendered against him does a third-party judgment creditor have standing to proceed against the county directly to compel payment of the judgment under Fulton County Code § 22-4-4 (d). Compare *Chatham County Commrs. v. Rumary*, 253 Ga. 60 (315 SE2d

881) (1984) and *Chatham County Commrs. v. Clark*, 253 Ga. 687 (324 SE2d 448) (1985) (where the county undertook to represent its employee under an almost identical county provision, it was also obligated to pay a judgment creditor).

Since the county was not statutorily obligated to defend Harris in Cleveland III, it was not required to pay the judgment under Fulton County Code § 22-4-4 (d). Accordingly, plaintiff is not entitled to the extraordinary writ of mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1997 —
RECONSIDERATION DENIED JUNE 30, 1997.

*James L. Ford, Sr., Terry D. Jackson,* for appellant.
*Susan B. Forsling, Viviane M. Haight,* for appellees.

