38594. In re BOARD OF TWIGGS COUNTY
COMMISSIONERS.

Marshall, Justice.

The appellant-board filed a petition under Code Ann. § 91A-1449.1 (Ga. L. 1979, pp. 5, 33) for an order authorizing the immediate and temporary collection of taxes for 1981. Prior to the hearing, the trial court permitted the interventions of James G. Maddox and B. Rabun Faulk, as citizens and taxpayers, who alleged that the reason the 1982 tax digest had not been approved by the state commissioner of revenue was the petitioner's failure to set a millage rate for the calendar year 1981. By order of October 19, 1981, the trial court determined that the emergency conditions precedent for such relief (§ 91A-1449.1 (a), (b)) existed, and directed the temporary collection of taxes based on the 1980 digest, as adjusted to reflect the current homestead exemptions and any property transfers. The order limited such collection to the 1980 millage rate of 25.09, and retained jurisdiction to issue further orders as necessary.

On January 18, 1982, the appellant-board filed a motion to amend the October 19 order so as to remove the 25.09 millage restriction and permit the collection at a millage rate of 32.03, the rate alleged to be necessary based on the 1980 digest to yield the funds which the board determined must be collected from ad valorem taxation to fund and balance the duly adopted budgets of the county and the school board. This motion was denied, after a hearing, on January 26, 1982. On February 2, 1982, the board moved for reconsideration of the denial of its motion, which motion was denied on Februray 16, 1982. The board had the trial judge certify the February 16, 1982 order for immediate review, and appealed on February 26, 1982, to the Court of Appeals which transferred the appeal to this court.

1. It is arguable that the October 19 order was final and appealable in that it granted all the relief sought by the petitioner; that neither the "motion to amend order" nor the motion for reconsideration of the denial of that motion is such a motion as would extend the filing date for a notice of appeal (*Donnelly v. Stynchcombe,* 246 Ga. 118 (269 SE2d 10) (1980) and cits.); and that the appeal from the February 16, 1982, order denying the motion for

reconsideration is not timely, hence is subject to dismissal, notwithstanding the fact that it was certified for immediate review (which was also done in *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) (1970)).

However, we have chosen to pretermit the procedural issue and decide the appeal on its merits in accordance with the legislative intent expressed in Code Ann. § 6-905 (Ga. L. 1965, pp. 18, 40), because an important first-impression issue has been raised under this recently enacted and previously unconstrued public revenue statute, and because the trial court dealt with this issue on the merits, which was arguably authorized under the retention-of-jurisdiction provisions of Code Ann. § 91A-1449.1 (h).

2. The thrust of the board's appeal is that it, as the governing authority of the county, has the sole responsibility and authority under our Constitution and statutes (citing Code Ann. §§ 2-6102, 2-6201, and Code Ann. Ch. 91A-12) to determine the budget and the amount of ad valorem taxes to be collected for the prudent governing of the county, and that the trial court's setting of a millage rate here was an unauthorized judicial interference with the proper exercise of the board's discretion over tax levying.

Code Ann. § 91A-1449.1 (f) provides as follows: "In the court's order, the court shall establish the *basis* on which the temporary tax on each parcel of property shall be established and the *manner* in which the taxes shall be *billed, collected,* and *otherwise received.* The basis upon which the temporary taxes may be collected shall be one of the following: (1) Any tax digest for the tax year in question which has been submitted to the commissioner, but which has been rejected or is otherwise unenforceable. (2) The most recently submitted and approved tax digest, as amended to reflect changes in ownership in property. (3) *Any other reasonable method which will do substantial justice to the parties under the exigencies of all the circumstances.*" (Emphases supplied.)

The provisions of the above subsection, read as a whole and in the context of the purpose of the statute, empower the court to set the millage rate for the temporary tax collection at the judge's discretion. Although it is true, as the appellant contends, that the board has the legislative responsibility and authority to set the millage rate, the very purpose of § 91A-1449.1 was to enable the superior courts to fill the temporary void of authority created by the lack, for whatever reason, of an approved tax digest. The necessity for the appellant-board to file the present petition resulted from its own inability, failure or refusal to produce an approvable tax digest. At no time — neither in its petition nor up to and including the hearing and the time of the order setting the millage rate — did the appellant

request any specific amount of money or millage rate, and in fact did not even have a budget or set a millage rate until the date of the court's order. The expeditious, temporary and efficient relief authorized by the statute would be jeopardized by construing the statute so as to prohibit the court from setting the millage rate, thus necessitating awaiting the action of the board of commissioners in setting the millage rate, where they had been unable or unwilling to set the rate theretofore. Indeed, one ground for the disapproval of submitted tax digests is the absence, or unacceptable amount, of the millage rate, which rate can be approved, disapproved or adjusted by the state revenue commissioner. Code Ann. §§ 91A-1413, 91A-1415 (Ga. L. 1978, pp. 309, 440, 441).

3. Although the appellant contends that the trial court did not have the authority to set the millage rate at all, in view of the fact that the present appeal is from the denial of the motion for reconsideration of the motion to amend the order so as to delete the millage rate set by the court, we have reviewed the record to determine if there is any apparent abuse of the trial court's discretion. We find none. In fact, we note a commendable judicial restraint in the order denying the motion to amend in that it fully set out the reasons for the appellant's present plight (many of which were apparently related to its own action or inaction), suggested possible alternative methods of avoiding the anticipated closing down of the county government, and agreed to entertain another motion to amend the original order should the petitioner-board convince the court that it has "in good faith actively pursued the foregoing avenues and that they are insufficient and/or a temporary loan cannot be obtained . . ."

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 22, 1982 —<br>REHEARING DENIED JULY 8, 1982.

*Sinnreich & Francisco, Elizabeth R. Francisco,* for appellant.
*James G. Maddox, B. Rabun Faulk,* for appellee.
*Jay S. Ricketts,* amicus curiae.

