S00G1070. CLAYTON COUNTY v. SEXTON.
(538 SE2d 737)

HUNSTEIN, Justice.

The Clayton County Board of Tax Assessors prepared a tax digest for the 1999 tax year. Due to pending appeals, however, the digest could not be submitted for approval by the State Revenue Commissioner. Clayton County petitioned the superior court for an order authorizing the immediate and temporary collection of ad valorem taxes pursuant to OCGA § 48-5-310. A hearing was held and appellee Lee Sexton and others intervened in order to object to Clayton County's proposed method of tax collection. The trial court granted Clayton County the right to temporarily collect taxes based on the adopted 1999 millage rate. The Court of Appeals vacated the trial court's order, holding that the trial court abused its discretion by ordering a method of collection that would intentionally produce a revenue surplus. *Sexton v. Clayton County Tax Digest*, 242 Ga. App. 431 (529 SE2d 149) (2000). We granted Clayton County's petition for writ of certiorari to determine whether the Court of Appeals erred in holding that a county may not adopt a millage rate that could yield a revenue surplus. For the reasons which follow, we reverse.

Appellee contends the County's proposed millage rate as applied to the 1999 tax digest would result in a revenue surplus of $5,952,312 and that a county may not adopt a millage rate that intentionally produces a revenue surplus. Clayton County defends the use of the 1999 tax digest and adopted 1999 millage rate claiming it is an appropriate method for collection of temporary taxes, noting that the millage rate adopted for 1999 is the same millage rate set and approved for 1998.

A superior court is authorized to enter an order for the immediate and temporary collection of taxes when a county's tax digest has not been approved by the tax commissioner. OCGA § 48-5-310 (a) (1) (B). In its order, the trial court must provide the basis on which the temporary taxes shall be established and the manner in which the

taxes shall be billed, collected, and otherwise received. OCGA § 48-5-310 (f). Counties have broad discretionary authority to establish a budget and set a millage rate with which a court may not interfere absent an abuse of discretion. *Whatley v. Taylor County*, 224 Ga. 669, 670 (164 SE2d 121) (1968); see OCGA §§ 36-81-5, 36-81-6. Similarly, a trial court is granted considerable discretion in devising the method for establishing and the basis for collection of temporary taxes, and its decision will not be overturned absent an abuse of discretion. *In re Board of Twiggs County Commrs.*, 249 Ga. 642 (2) (292 SE2d 673) (1982).

In this case, Clayton County presented evidence establishing that the adopted 1999 millage rate, when applied to the 1999 tax digest and taking into consideration the collectibility of such revenues and anticipated reassessments after successful tax appeals, would actually produce a revenue deficit of at least $605,000 and that the County had budgeted to use existing surplus funds to cover the anticipated deficit rather than increase the millage rate. The only contrary evidence in the record is the testimony of one intervener who stated his belief that the proposed millage rate would produce a $5 million revenue surplus. He conceded, however, that his calculations did not include adjustments for anticipated collections or reassessments after tax appeals.

Based on the evidence of record, we find the trial court did not abuse its discretion in approving the use of the County's adopted 1999 millage rate for the collection of temporary taxes. The law presumes that the County acted lawfully in setting the 1999 millage rate until it is shown otherwise. See *McDowell v. Judges Ex Officio*, 235 Ga. 364, 365 (219 SE2d 713) (1975). Even assuming the adopted 1999 millage rate would produce a surplus, a conclusion against the weight of the evidence, we find nothing in our constitutional or statutory laws prohibiting counties from setting a millage rate intended to produce a surplus as long as such surplus is properly accounted for so as to create a balanced budget as required under Georgia law. See OCGA § 36-81-3 (b). The use to which such surplus funds are put is, of course, limited to the legal purposes set forth in the laws of this State. See, e.g., 1983 Ga. Const. Art. IX, Sec. IV, Par. II; OCGA §§ 36-5-22.1, 48-5-220. Furthermore, subsection (g) of OCGA § 48-5-310 provides that the

> [c]ollection or payment of such taxes after the entry of an order by the court as provided in this Code section shall not in any manner affect or limit anyone who pays the taxes from receiving and enjoying the full benefits of any adjustments, benefits, refunds, or additional assessments deter-

mined by the final disposition of the validity of the tax digest.

Under this provision, the trial court retains the discretion to provide for reassessments or refunds as deemed necessary upon the final approval of the tax digest. See *Harrington v. Baldwin County Board of Tax Assessors*, 214 Ga. App. 178 (1) (447 SE2d 300) (1994).

There being no evidence in the record that the County exceeded its authority in adopting the 1999 millage rate or that the trial court otherwise abused its discretion in devising the method for establishing and the basis for collection of temporary taxes, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 13, 2000.

*Hancock & Echols, Jack R. Hancock, Brian R. Dempsey*, for appellant.

*Lee Sexton*, pro se.

*Kilpatrick Stockton, Kenneth B. Pollock, T. Jerry Jackson*, for appellee.