43169. TAYLOR, Sheriff v. JENKINS COUNTY et al.

JORDAN, Presiding Judge. This is a sequel to *Clayton v. Taylor*, 223 Ga. 346 (155 SE2d 387). Following the final judgment in that case recognizing the right of the Sheriff of Jenkins

County to perform certain acts without interference from the county commissioners, the sheriff filed a petition "against Jenkins County, through its Board of Commissioners, Stanley Clayton, George M. Reynolds and Lester Brinson, seeking to recover the amount of attorney's fees incurred by him in that litigation."

The petition alleges a request by the sheriff to the commissioners to amend the budget to cover attorney's fees, stating that the "commissioners failed and refused to honor said request and failed to provide funds that were reasonable and necessary." The petition further shows that the sheriff received a bill for $1,250 from his attorney for the previous litigation, and the prayer is for "judgment against Jenkins County" for $1,250. The answer of the defendants admits substantially all of the alleged facts but they "deny that the sheriff's bill in any way authorizes the commissioners to pay attorney fees for the sheriff" and "deny that they are indebted in any sum whatsoever." The plaintiff moved for a summary judgment, and filed an affidavit of his attorney and another to the effect that the fee charged is reasonable. He appeals from the overruling of his motion on August 1, 1967. *Held:*

"Every county is a body corporate, with power to sue or be sued in any court." *Code* § 23-1501. See *Code Ann.* § 2-7801. "A county is not liable to suit for any cause of action unless made so by statute." *Code* § 23-1502. "Whenever a county is by statute made liable for a given demand, an action against it will lie therefor, though the statute does not in express terms authorize or provide for the bringing of such an action." *Decatur County v. Praytor, Howton & Wood Contr. Co.*, 163 Ga. 929, 933 (137 SE 247), and cases cited and discussed therein. Section 8 of the local Act of February 28, 1966 (Ga. L. 1966, pp. 2158, 2160-2162) provides for a budget for the Sheriff's office of Jenkins County "as fixed by the governing authority" from which "all expenses connected with the sheriff's office shall be paid from county funds in accordance with said budgetary provisions." Additionally, it provides that if an emergency arises in the sheriff's judgment "by reason of which he would be unable to perform his duties without the expenditure of larger amounts" he may apply to the governing authority for additional funds, and within 15 days the amount authorized, if any, "shall be determined by the governing authority" which, in fixing the budget and pro-

viding additional funds "shall not act arbitrarily or capriciously . . . but shall act in good faith and for the best interest of the county." The Act purportedly provides the sole means for covering the expenses of operating the sheriff's office.

Assuming, without deciding, that the Act is broad enough to allow the governing authority to provide for the payment of attorney's fees for litigation by the sheriff to avoid interference with his duties, and that an action under the statute would lie against the county upon demand and failure to meet such an approved obligation, the petition in the present case affirmatively shows the absence of an approved obligation, and thus fails to state a cause of action for the only relief sought, a money judgment against the county, irrespective of whatever right the plaintiff may have by way of mandamus to seek to compel the governing authority to obligate the county, a matter not raised by the pleadings and outside the jurisdiction of this court on appeal. Accordingly, the trial judge did not err in overruling the motion of the plaintiff for a summary judgment.

*Judgment affirmed. Deen and Quillian, JJ., concur.*
SUBMITTED NOVEMBER 9, 1967—DECIDED NOVEMBER 21, 1967.

*Thomas M. Odom,* for appellant.
*J. P. Cheney,* for appellees.