24781.   WHATLEY et al. v. TAYLOR COUNTY et al.

ARGUED SEPTEMBER 9, 1968—DECIDED OCTOBER 10, 1968.

*H. Thad Crawley, James H. Harmon,* for appellants.
*Dan S. Beeland, C. C. Stone, Garland T. Byrd,* for appellees.

ALMAND, Presiding Justice.   Royce Whatley and several other individuals, as taxpayers and resident citizens of Taylor County, Georgia, brought an action against the County Commissioners, Tax Commissioner and Assistant to the Tax Commissioner of Taylor County, seeking to enjoin the county commissioners from making any payments of salary to the assistant to the tax commissioner and to obtain a mandamus requiring the county commissioners to institute a suit against the tax commissioner and the assistant to the tax commissioner to recover

salaries paid to said assistant. Plaintiffs alleged that the county commissioners have paid certain sums and are paying a stated salary to the assistant to the tax commissioner from county funds, that the county commissioners have no authority or right to make such payments, and that demand has been made upon the county commissioners to stop disbursing this salary to the assistant to the tax commissioner but they have refused to do so. Defendants filed a motion to dismiss the action for failure to state a claim upon which relief can be granted. After hearing argument of counsel, the trial court sustained the defendants' motion to dismiss. Plaintiffs appeal from this order.

The sole issue in this case is whether the County Commissioners of Taylor County have the authority to expend county funds for the salary of an Assistant to the Tax Commissioner of Taylor County.

Art. VII, Sec. IV, Par. I of the Georgia Constitution (*Code Ann.* § 2-5701) provides the several purposes for which a county has the authority to expend county tax funds. Among these enumerated powers is "to pay the expenses of administration of the county government." While county commissioners cannot expend public money beyond the specified purposes enumerated in the Constitution, a large discretion is vested in the county commissioners in the expenditure of public money within the specified purposes enumerated in the Constitution. *Humber v. Dixon,* 147 Ga. 480 (2) (94 SE 565). This court will not interfere with the discretionary action of the county commissioners within the sphere of their legally delegated powers, unless such action amounts to an abuse of discretion. *Dyer v. Martin,* 132 Ga. 445 (3) (64 SE 475). The activities of the Tax Commissioner of Taylor County and his office constitute a vital part of the administration of county government. Moreover, the services and assistance rendered by an Assistant to the Tax Commissioner of Taylor County come within the scope of administration of county government. By the payment of this salary to the assistant to the tax commissioner, the County Commissioners of Taylor County approved and confirmed the hiring of the assistant to the tax commissioner as a furtherance of the administration of county government. With such approval and confirmation

by the county commissioners being within the sphere of their legally delegated powers, the expenditure of county funds to pay the salary of the assistant to the tax commissioner was authorized.

Furthermore, the General Assembly recently enacted a statute (Ga. L. 1968, p. 447) which provides: "The governing authorities of the various counties shall have the authority to expend county funds for the purpose of employing such additional temporary personnel and providing equipment and supplies as in their respective judgments shall be necessary and advisable in order that such personnel and equipment might assist any county officer, official or department in discharging their duties and responsibilities in an efficient and orderly fashion. Nothing contained within this Act shall be construed so as to abrogate the authority of such officers and officials to select the personnel which shall be employed within their respective offices and departments." While under this statute county commissioners are now expressly empowered to expend county funds to employ personnel to assist any county officer in the discharge of his duties, we are of the opinion that under the provisions of Art. VII, Sec. IV, Par. I of the Constitution (*Code Ann.* § 2-5701) county commissioners could expend county funds before its enactment for the limited purpose of paying the salary of personnel to aid and assist in the administration of county government. For the foregoing reasons we conclude that the trial court properly sustained the defendants' motion to dismiss the action for failure to state a legal or equitable claim upon which relief can be granted.

*Judgment affirmed. All the Justices concur.*