## S90A0622. BOARD OF COMMISSIONERS OF RANDOLPH COUNTY v. WILSON.

(396 SE2d 903)

HUNT, Justice.

The trial court held the Randolph County Commission abused its discretion in cutting the sheriff's budget and awarded the sheriff costs and attorney fees for the commission's bad faith in defending against the sheriff's petition for mandamus. We reverse.

The sheriff of Randolph County is an elected, constitutional officer; he is subject to the charge of the General Assembly and is not an employee of the county commission.[1] OCGA § 15-16-1 et seq.; *Warren v. Walton*, 231 Ga. 495, 499 (202 SE2d 405) (1973). Among the sheriff's powers is the authority to appoint deputies. OCGA § 15-16-23. Section 8 of the Randolph County local acts provides:

> The sheriff is authorized to appoint deputy sheriffs to assist him in the performance of his duties, which deputies shall serve at the pleasure of the sheriff. *Each deputy shall receive an annual salary as set by the sheriff and approved by the county governing authority.* Such salaries shall be paid in equal monthly installments from funds of the county. [Emphasis supplied.]

In some prior years the sheriff had submitted a line-item budget for each deputy and requested the total of those items from the commission. In those years the commission appropriated by line item. In other years, an appropriation for salaries was requested as a lump sum and was so appropriated. In fiscal year 1990, despite the sheriff's request for an aggregate of over $70,000 to pay five deputies' salaries, the commission budgeted not by line item, but by a lump sum, only $60,080. This sum was less than that budgeted by the commission the previous year by an amount which approximated the pay for one deputy.

The sheriff filed this mandamus action contending the commission had abused its powers by cutting one deputy's salary out of the budget and by invading his authority to appoint an appropriate number of deputies to carry out his duties as sheriff. In its order agreeing with the sheriff, the trial court held that

> This statutory provision clearly mandates that each deputy sheriff's salary be separately set by the Sheriff and separately approved and budgeted by the Board of Commissioners, deputy position by deputy position, on a line-item basis, rather

---

[1] The present sheriff, Gary Wilson, has served for about five years.

than in a lump sum amount. . . . The Board of Commission-
ers may not lawfully budget a lump-sum of money to the
Sheriff. . . .

The trial court concluded that the commissioners abused the budget-
ing authority and that this abuse was a "willful and unlawful en-
croachment upon the sole and exclusive discretion of the sheriff under
OCGA § 15-16-23, to appoint one or *more* deputies."

Finally, the trial court concluded that such conduct on the part
of the commissioners amounted to bad faith because there was no
showing that the sheriff abused his discretion in arriving at the num-
ber of deputies listed in his budget request. The trial court's judg-
ment required the commissioners to pay the deputies as requested by
the sheriff and awarded bad faith fees and costs to the sheriff.

1. As a county officer, the sheriff's budget and accounts are sub-
ject to the authority of the commission. OCGA § 36-5-22.1. The
budget is under the control of the county commission, which, subject
to some limitations, has authority to amend or change estimates of
required expenditures presented by another officer acting under his
statutory duty. The action of the county commissioners in making
such appropriations may be reviewed only for abuse of discretion. 20
CJS 1117, 1120, Counties, § 235. Indeed, the commission's power[2] to
approve the deputy sheriffs' salaries is recognized in the emphasized
language of the local act, quoted above.

The trial court's interpretation as to the mandate of the local
statute was erroneous. Nothing in Section 8 of the act requires the
county to budget separately for each individual deputy sheriff. By ap-
proving or disapproving the sheriff's budget request for salaries,
whether done separately or as a lump sum, the commissioners have
performed their duty under the language of the act. By the perform-
ance of their duty, the commissioners have not necessarily abolished a
deputy sheriff's position nor encroached on the sheriff's discretion to
appoint his deputies. That the amount budgeted by the commission-
ers may well require the sheriff to adjust the number of his deputies
or the amount of his deputies' pay does not suggest an abuse of dis-
cretion.[3]

---

[2] OCGA § 48-5-220 provides: "County taxes may be levied and collected for the follow-
ing public purposes: . . . (5) To pay the expenses of courts and the maintenance and support
of inmates, to pay sheriffs and coroners, and to pay for litigation"; . . .

[3] For cases supporting reductions of budgets by boards of commissioners, see *Lovett v.
Bussell*, 242 Ga. 405 (249 SE2d 86) (1978) and *Taylor v. Jenkins County*, 116 Ga. App. 718,
719 (158 SE2d 322) (1967). *Warren v. Walton*, 231 Ga. 495 (202 SE2d 405) (1973), is distin-
guishable. Under the local act involved there, the Hancock County Commission had no dis-
cretion to fix or approve the budget of the sheriff and mandamus properly issued to require
the commission to provide the funds.

To be sure, the board of commissioners cannot discharge the sheriff's deputies. See *Bd. of Commrs. of Richmond County v. Whittle*, 180 Ga. 166 (2) (178 SE 534) (1934). We view this case, however, as involving the power of the commission to approve the sheriff's budget rather than the power of the sheriff to hire deputies. For the reasons stated, the trial court erred in determining that the commission abused its discretion in this instance.

2. It follows that the bad faith award for resisting the sheriff's demand under OCGA § 9-15-14 must also be set aside. See *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 823 (377 SE2d 901) (1989).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 24, 1990.

*Jesse G. Bowles III*, for appellant.
*Perry, Walters & Lippett, C. Richard Langley*, for appellee.