## S91A1670. BOARD OF COMMISSIONERS OF FULTON COUNTY v. 1991 TAX DIGEST FOR FULTON COUNTY.
(410 SE2d 721)

WELTNER, Justice.

Pursuant to OCGA § 48-5-310, the trial court was authorized to enter an order for the immediate and temporary collection of real property taxes for tax year 1991 on the basis of the 1990 tax digest. The constitutional challenge to the statute is without merit.

However, it was beyond the province of the trial court to require

the county authorities to justify the wisdom (as opposed to the legality) of proposed county expenditures.[1] That portion of the trial court's order is vacated.[2]

Judgment affirmed in part and reversed in part. All the Justices concur.

DECIDED NOVEMBER 25, 1991.

Webb & Daniel, Harold T. Daniel, Jr., Gary R. McCain, for appellant.

Fortson & White, Warren C. Fortson, W. Roy Mays III, R. Michael Robinson, Joe M. Harris, Jr., Robert J. Proctor, for appellee.

---

[1] See, e.g., Whatley v. Taylor County, 224 Ga. 669, 670 (164 SE2d 121) (1968):
[A] large discretion is vested in the county commissioners in the expenditure of public money within the specified purposes enumerated in the Constitution. . . . This court will not interfere with the discretionary action of the county commissioners within the sphere of their legally delegated powers, unless such action amounts to an abuse of discretion.

[2] Pursuant to the power given to this Court by OCGA § 48-5-310, and more particularly sub paragraph (f) (3) thereof; but, not being limited thereto, this Court shall retain jurisdiction and shall conduct a hearing . . . so the County may demonstrate and explain its budgeting and spending procedure for "Arts and Human Services," in the light of present admitted financial difficulties. [Trial court's order.]