S92A0012. CHAFFIN et al. v. CALHOUN et al.
(415 SE2d 906)

CLARKE, Chief Justice.

This is an appeal from an interlocutory injunction requiring the Sheriff of Henry County to cooperate in the implementation of a plan to transfer personnel and equipment to the newly created county police department. We find no abuse of discretion and affirm.

In January of 1991, the Henry County Commissioners voted to create a county police department.[1] At that time the Sheriff employed about 125 employees, but was seeking funds to increase his force to 149. The County Commissioners wanted to shift the responsibility for patrolling and drug enforcement to the new county police department. The Commissioners drafted a budget that reduced rather than increased the Sheriff's budget. The Commissioners then set out a plan to transfer certain personnel and equipment to the new police department. The Sheriff refused to cooperate with the plan. The Commissioners filed an action seeking injunctive relief. After a hearing the trial court found that the Sheriff could reasonably discharge his duties with the budget and staff provided. The trial court then granted an interlocutory injunction requiring the Sheriff to cooperate in the

---

[1] Under a statute passed in the 1992 legislative session, future actions to create a county police department will require ratification by popular vote. See OCGA § 36-8-1.

implementation of the County Commissioners' plan. This appeal followed.

In this appeal the Sheriff contends that the County Commissioners have attempted to take all law enforcement responsibility away from the sheriff's office. He concedes that the County Commissioners have the power to create a police department, but points out that they have no power to divest the Sheriff's office of all law enforcement responsibilities. The Commissioners respond that, given the evidence presented, the trial court was authorized to conclude that the Sheriff retains law enforcement responsibility and capability under the new budget and that the transfers of personnel and equipment were necessary to avoid duplication of effort and expense. The Commissioners argue that the trial court below properly determined that the Commissioners did not abuse their discretion in setting the budget and reallocating equipment.

Sheriff Chaffin is an elected, constitutional officer. Article IX, Sec. I, Par. III (a) of the Georgia Constitution of 1983. His statutory duties are defined in OCGA § 15-16-10, and include not only the enumerated duties such as maintaining the jail and serving warrants, but also those duties that "necessarily appertain to his office," such as the power to make arrests, to maintain the peace and to enforce the law. OCGA § 15-16-10 (a) (8); *Wolfe v. Huff*, 232 Ga. 44 (205 SE2d 254) (1974) (*Wolfe I*). The sheriff is not an employee of the county commission. *Board of Commrs. of Randolph County v. Wilson*, 260 Ga. 482 (396 SE2d 903) (1990). And although the county commission has the power and the duty to issue a budget, the county commission may not dictate to the sheriff how that budget will be spent in the exercise of his duties.

In *Wolfe I*, supra, this court upheld the power of the county commission to create a county police force. The case held, however, that the "commissioners could not divest the sheriff of his power and duty to enforce the laws and preserve the peace." Id. at 45. After remand, the county commissioners removed from the sheriff's proposed budget all funds for law enforcement purposes. Justice Nichols wrote that the commissioners could not "do indirectly, by the exercise of their fiscal authority and their control of the county property, that which they could not do directly." *Wolfe v. Huff*, 233 Ga 162, 164 (210 SE2d 699) (1974) (*Wolfe II*). The court held that "the commissioners were under a duty to adopt a budget making reasonable and adequate provision for the personnel and equipment necessary to enable the sheriff to perform his duties of enforcing the law and preserving the peace." This does not mean, however, that county commissioners must approve the budget that a sheriff proposes. In *Randolph*, supra, we affirmed the power of the county commissioners to cut the sheriff's budget, even though the budget cut would probably require the sher-

iff to lay-off one of his five deputies. In other words, the commissioners may remove *some* funds from a sheriff's budget that are required for law enforcement purposes, but not *all* funds, and may not divest the sheriff of his law enforcement power and duty. The budget must be reasonable under all of the circumstances and must provide reasonably sufficient funds to allow the sheriff to discharge his legal duties.

Here, the commissioners have removed about 47 percent of the sheriff's budget. Although this is a substantial portion of the Sheriff's budget and will reduce the Sheriff's law enforcement capability, the trial court found that the budget is sufficient to allow the Sheriff to perform his duties. On the record before the court, we cannot say that the trial court's finding is clearly erroneous. The trial court considered all of the evidence and applied the correct standard. Generally, the trial court has broad discretion to decide whether to grant or deny an interlocutory injunction. OCGA § 9-5-8. Because we find no abuse of discretion in the trial court's entry of injunctive relief, we affirm.

*Judgment affirmed. Clarke, C. J., Bell, Hunt, Benham, Fletcher, Sears-Collins, JJ., and Judge Phillip R. West concur. Weltner, P. J., disqualified.*

DECIDED MAY 6, 1992.

*Herbert Shafer, Crumbley & Crumbley, Wade M. Crumbley,* for appellants.

*Blount & Renehan, Ernest D. Blount, Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., Walker, Hulbert, Gray & Byrd, Charles W. Byrd,* for appellees.