S00A0130. GRIFFIES v. COWETA COUNTY et al.
(530 SE2d 718)

SEARS, Justice.

The questions raised in this case concern the authority of an elected official to provide "store-bought" water for her employees, as well as the authority of the trial court to provide attorney fees to fund litigation over this matter. Joan Griffies, the appellant, is the Clerk of the Superior Court of Coweta County. She appeals from an adverse ruling on a petition for mandamus that she filed to compel Coweta County, one of the appellees, to pay for bottled water for her employees to drink. We conclude that the Board of Commissioners of Coweta County did not have the unilateral authority to determine whether the purchase of bottled water by Griffies was necessary for the exercise of her duties, and that the trial court erred when it ruled that the county did not have to pay for the water from the miscellaneous line item of the clerk's budget. Accordingly, we reverse.

Griffies took office as clerk of superior court in January 1997. Appellees are Coweta County, the members of the Board of Commissioners of Coweta County, and the finance director of Coweta County. The commissioners approved the annual budget for Coweta County

---

[13] *Berry v. State,* 267 Ga. 605, 607 (481 SE2d 203) (1997).

for 1997 and 1998, including those portions of the budget relating to Griffies' office. Griffies' budget contained a miscellaneous line item of $400 for 1997 and $500 for 1998.

Before Griffies became clerk of superior court, she worked in the county courthouse, and she testified that the drinking water in the courthouse was a greenish color and of questionable quality. She added that when she took office, several employees asked her to do something about the drinking water. Two bailiffs testified that the water in the courthouse was green and slimy, that the impurities were visible when the water came out of the faucets, and that the water deposited a permanent green stain on water pitchers. In July 1997, Griffies obtained a report from the Georgia Cooperative Extension Service that indicated that the copper level in the water taken from the Coweta County Courthouse exceeded the EPA maximum contaminant level. The report, however, also stated that the EPA considered copper a secondary drinking water standard, and that secondary standards are "generally not considered threats to health, but can cause nuisance problems such as staining, tastes, and odors." The Water Superintendent for Newnan Water, Sewage and Light performed tests on the courthouse water in August 1997 and again in November 1997. Both tests determined that the drinking water at the courthouse did not exceed the EPA "action level" for copper.

In 1997 and 1998, Griffies obtained bottled water for her employees to drink, and she submitted the bills to appellees for payment out of the miscellaneous line item of her budget. The bills totaled $363.89. The county commissioners instructed the finance director not to pay the bills, concluding that the courthouse water was safe and that therefore the bottled water was not an expenditure necessary for the operation of Griffies' office.

Griffies subsequently brought this action seeking payment from the county for the bottled water. She also requested that the county attorney represent her in this case, but he advised her that he had a conflict due to his representation of the commissioners and could not represent her in this action. Griffies then requested the county to provide her an attorney at its expense. The commissioners refused to do so. Griffies then retained counsel to represent her.

The trial court declined to require the appellees to pay the $363.89 for the bottled water and declined to award appellant attorney fees.

1. Griffies, as clerk of superior court, is an elected constitutional officer and is not an employee of the county commission.[1] Although Griffies is an independent constitutional officer, the county commis-

---

[1] 1983 Georgia Constitution, Art. IX, Sec. I, Par. III (a).

sion nevertheless has the authority to review and approve the proposed budget for the clerk's office that Griffies submits to them.[2] If the commissioners change or amend the budget submitted by Griffies, those changes may only be reviewed for abuse of discretion.[3] On the other hand, this Court has stated that, "although the county commission has the power and the duty to issue a budget, the county commission may not dictate to the [clerk of superior court] how the budget will be spent in the exercise of [her] duties."[4]

In the present case, the county commissioners had approved a budget for Griffies' office that included a miscellaneous line item for a specified amount of money for the years 1997 and 1998. Because the miscellaneous line item had already been budgeted to Griffies by the county commission in the exercise of its authority over her budget, we conclude that the decision of how to spend this money fell solely to Griffies in the exercise of her duties as clerk, and not to the county commission.[5] Otherwise, the county commission would be in the position not only of authorizing the budget for an independent constitutional officer, but also of approving each purchase of that officer based upon the county commission's determination whether the expenditure fell within the exercise of the officer's duties. We thus conclude that the county commission did not have the unilateral authority to determine that Griffies' purchase of bottled water was not in the exercise of her duties and to decline to pay the expense on that basis.

By this holding, however, we note that a county commission is not without recourse when it believes that a county officer is seeking to spend taxpayers' money illegally. In such an event, the commission could institute its own mandamus or declaratory judgment action against the county officer to have a court determine the legality of the expenditure. In this matter, we simply hold that a county commission does not, by itself, have the authority to disapprove expenditures for a county officer once that officer's budget has been approved by the commission.

Although the commissioners did not have the unilateral authority to decide that the purchase of bottled water was an improper expense for Griffies' office, the commissioners did request the trial court in this case to determine whether the expense was inappropriate, and the trial court ruled that it was. We disagree with this ruling. Once a budget has been established for a county officer by the

---

[2] See OCGA § 36-5-22.1; *Bd. of Commrs. of Randolph County v. Wilson,* 260 Ga. 482, 483 (396 SE2d 903) (1990).

[3] *Wilson,* 260 Ga. at 483.

[4] *Chaffin v. Calhoun,* 262 Ga. 202, 203 (415 SE2d 906) (1992).

[5] *Chaffin,* 262 Ga. at 203.

county commission, the county officer has the discretion to expend money designated in the miscellaneous line item of the budget "within the sphere of [her] legally delegated powers," and a trial court cannot interfere with this discretion unless it is abused.[6] Here, although the evidence showed that the water at the county courthouse did not exceed the EPA "action level" for copper, the evidence also showed that the water exceeded the EPA maximum contaminant level for copper, and that as a result, the water could "cause nuisance problems such as staining, tastes, and odors." Moreover, the testimony of several courthouse employees confirmed that nuisance problems did exist and that they were significant. Under these circumstances, we conclude that Griffies did not abuse her discretion in determining that the purchase of drinking water was necessary to avoid "nuisance problems" for her employees and to provide palatable, nuisance-free drinking water for them, and that this decision fell within her legal powers as clerk of superior court.[7]

2. In her second enumeration of error, Griffies contends that the trial court erred in failing to award her attorney fees. Because Griffies was acting in her official capacity in filing this action, because we have ruled in Griffies' favor on the legal claim she asserted in this action, and because the Coweta County attorney could not assert Griffies' position because of a conflict of interest, the county must pay the attorney fees of the independent counsel retained by Griffies.[8] Accordingly, we remand the case to the trial court for it to assess attorney fees in favor of Griffies.

*Judgment reversed and case remanded. All the Justices concur, except Benham, C. J., who dissents.*

BENHAM, Chief Justice, dissenting.

Because I disagree with the determination made in the majority opinion, and in keeping with the principles stated in my dissent in *Gwinnett County v. Yates*, 265 Ga. 504 (458 SE2d 791) (1995), I respectfully dissent.

DECIDED MAY 30, 2000 —
RECONSIDERATION DENIED JUNE 29, 2000.

*Kam & Ebersbach, Michael G. Kam, Brian D. Lewis*, for appellant.

---

[6] *Bd. of Commrs. of Fulton County v. 1991 Tax Digest for Fulton County*, 261 Ga. 702, 703 (410 SE2d 721) (1991); *Whatley v. Taylor County*, 224 Ga. 669, 670 (164 SE2d 121) (1968).

[7] See OCGA § 15-6-61 (16).

[8] *Gwinnett County v. Yates*, 265 Ga. 504, 508-509 (458 SE2d 791) (1995).

*Hawkins & Parnell, H. Lane Young II, Kimberly A. Houston, Carl H. Anderson, Jr.,* for appellee.
*Walker, Hulbert, Gray & Byrd, Charles W. Byrd,* amicus curiae.