## S01A0573. BOSWELL v. BRAMLETT et al.

### (549 SE2d 100)

SEARS, Presiding Justice.

The appellant, Marie Boswell, is the Clerk of the Superior Court of Greene County. The chief issue presented by this appeal is whether Boswell has the authority to set the salaries of her employees or whether the Chairman of the Board of Commissioners of Greene County has that authority. We conclude that Boswell has the authority to set the salaries of her employees, but that that authority is subject to the budgetary authority of the board of commissioners. Accordingly, we reverse the ruling of the trial court that the chairman of the board of commissioners had the authority to fix the compensation of Boswell's employees.

Boswell is a constitutionally elected officer under Art. IX, Sec. I, Par. III of the Georgia Constitution. In December 1999, Boswell approved pay raises for two of her employees, and submitted the pay increases to the Board of Commissioners of Greene County for payment. The record shows that there was money in Boswell's budget, as approved by the board of commissioners, to pay for the salary increases. The commissioners paid the increased salaries until March 2000. At that time, the commissioners concluded that Boswell had exceeded her authority in increasing the pay of the two employees, and demanded that the employees repay the increased salary to the county. The commissioners contended that a local act, Ga. L. 1984, pp. 4628, 4630, gave the chairman of the board of commissioners the exclusive authority to set the salaries, including pay increases, for county employees. The local act in question provides that:

> Subject to budgetary limitation and any Greene County merit system regulations, the chairman shall have exclusive authority to appoint, remove, and fix the compensation of all employees and officials of the county, except employees of the board, and except that deputies and employees of elected county officers of Greene County shall be subject to appointment, removal, supervision, and control of the respective elective county officers.[1]

Boswell subsequently filed the instant mandamus petition to resolve the dispute. The trial court denied Boswell's mandamus petition, ruling that mandamus was not a proper remedy to resolve the dispute, and that even if it were, the court would refuse to issue it, as, according to the court, the local act gave the chairman the exclu-

---

[1] Ga. L. 1984, pp. 4628, 4630.

sive power to set the compensation of employees working in Boswell's office.

1. We conclude that the trial court erred in ruling that mandamus was an inappropriate remedy for Boswell to seek payment of the salaries in question. In *Mobley v. Polk County*,[2] a tax commissioner sought payment of an employee's salary from the county's board of commissioners. We concluded that mandamus was an appropriate remedy by which to seek payment of a salary that the tax commissioner contended had been properly approved, when the reason for the non-payment of the employee's salary was one that the tax commissioner contended was not authorized by law.[3] Similarly, in the present case, Boswell contends her employees' salaries have been properly approved and that they have not been paid for a reason not authorized by law. Accordingly, Boswell properly filed this mandamus action to seek payment of the salaries.

2. In construing the local act to determine whether it grants the chairman the authority to set the salaries of the employees in question, we must follow the legislative intent and give words their ordinary meaning.[4] In this regard, we turn first to the question whether the local act's grant of authority to the chairman to "fix the compensation of all employees . . . of the county" includes the persons employed in the office of the clerk of superior court.

Ordinarily, employees of constitutionally elected officers of a county are considered employees of the elected officer and not employees of the county, as represented by the local governing authority.[5] For example, in *Mobley v. Polk County*,[6] this Court held that a person employed by the Tax Commissioner of Polk County (a constitutionally elected officer of the county) was an employee of the tax commissioner and was therefore not subject to work regulations established by the county governing authority for all employees paid from county funds.[7] Moreover, in *Gwinnett County v. Yates*,[8] this Court noted that our constitution distinguishes between county employees and employees of elected officials in authorizing the creation of civil service systems. "Article IX, Sec. I, Par. IV, which preserves the distinction between county employees and the employees of elected officials, provides that the General Assembly may authorize the establishment of civil service systems by county govern-

---

[2] 242 Ga. 798 (251 SE2d 538) (1979).

[3] Id. at 802.

[4] *Krieger v. Walton County Bd. of Commrs.*, 269 Ga. 678, 681 (506 SE2d 366) (1998).

[5] E.g., *Warren v. Walton*, 231 Ga. 495, 498-500 (202 SE2d 405) (1973); *Mobley*, 242 Ga. 798.

[6] Supra.

[7] Id. at 801-802.

[8] 265 Ga. 504 (458 SE2d 791) (1995).

ments 'covering county employees or county employees and employees of elected county officials.' "[9]

Thus, ordinarily, the use of the term "employees of the county" would not include employees of constitutionally elected officers of the county, and we are thus reluctant to conclude that that phrase in the present case expresses an intent of the local act to include employees of constitutionally elected officials. On the other hand, however, it can be argued, as the appellee does, that the portion of the local act excepting employees of elected county officials from the authority granted to the chairman would be superfluous if the phrase "employees of the county" did not include such employees. Counterbalancing this possible meaning, however, is the prospect that the exception was simply meant to clarify that employees of elected officials did not fall within the authority granted to the chairman in order to avoid disputes regarding the chairman's authority.

On balance, then, the local act is ambiguous regarding the chairman's authority to fix the compensation of the employees of elected county officers. Because the "[p]owers of county commissioners are strictly limited by law, and they can do nothing except under authority of law,"[10] and because "[i]f there is reasonable doubt of the existence of a particular power, the doubt is to be resolved in the negative,"[11] we conclude that the local act does not grant to the chairman the authority to fix the compensation of Boswell's employees.

We note, however, that the county commission has the authority to review and approve the proposed budget for Boswell's office, and that its action in making the appropriations for Boswell's office is subject to review only for an abuse of discretion.[12] On the other hand, the commission does not have the authority to dictate to Boswell how she will spend the budget that has been approved for her office.[13] In the present case, because the record shows that there was money in Boswell's budget, as approved by the commission, to pay for the salary increases in question, we conclude that Boswell acted properly in granting those pay increases.

3. Boswell contends that the trial court erred in failing to award her attorney fees to pay for the independent counsel she retained to pursue this action. We have held that a local government must pay a local official's attorney fees (1) when the official, acting in his official capacity, is required to hire outside counsel to assert a legal position

---

[9] *Yates*, 265 Ga. at 506.

[10] *Mobley*, 242 Ga. at 802.

[11] Id.

[12] *Griffies v. Coweta County*, 272 Ga. 506, 508 (530 SE2d 718) (2000); *Bd. of Commrs. of Randolph County v. Wilson*, 260 Ga. 482, 483 (396 SE2d 903) (1990).

[13] See *Griffies*, 272 Ga. at 508; *Chaffin v. Calhoun*, 262 Ga. 202, 203 (415 SE2d 906) (1992).

the local government attorney cannot assert because he or she has a conflict arising from his or her representation of the local government, and (2) when the official is successful in asserting his or her position.[14] "This is not because of any bad faith or improper conduct on the part of the local government. . . . Rather, attorney fees in this instance are simply an expense of government operation."[15] "Because [Boswell] was acting in her official capacity in filing this action, because we have ruled in [Boswell's] favor on the legal claim she asserted in this action, and because the [Greene] County attorney could not assert [Boswell's] position because of a conflict of interest,"[16] we conclude that she is entitled to reasonable attorney fees for the independent counsel she retained to bring the action.[17] Accordingly, we remand the case to the trial court for it to assess attorney fees in favor of Boswell.

*Judgment reversed and case remanded. All the Justices concur, except Benham, J., who concurs specially.*

BENHAM, Justice, concurring specially.

While I concur in the majority's resolution of this appeal and agree that Boswell is entitled to attorney fees under the special circumstances of this case, I must disagree with the route taken in Division 3 of the majority opinion to reach the conclusion that Boswell is entitled to an award of attorney fees. The special circumstances here are that the county agreed to pay Boswell's attorney fees if she prevailed. Although she did not prevail in the trial court, she has prevailed on appeal, triggering the county's promise to pay her attorney fees. But the majority opinion ignores those circumstances and the law.

The majority relied on the holdings in *Griffies v. Coweta County*, 272 Ga. 506 (2) (530 SE2d 718) (2000), and *Gwinnett County v. Yates*, 265 Ga. 504 (2) (458 SE2d 791) (1995), for the proposition that it is proper for this Court to order an award of attorney fees to county officers who hire their own counsel rather than seeking representation by the county attorney. In this case and in the two cited cases, a majority of this Court has ignored the fact that the General Assembly has provided by statute for the representation of county officers whose representation by the county attorney would constitute a conflict of interest. OCGA § 45-9-21 (e) (2) establishes a process by which the chief judge of the superior court of the circuit in

---

[14] *Yates*, 265 Ga. at 508-509. Accord *Griffies*, 272 Ga. at 509.

[15] *Yates*, 265 Ga. at 508-509.

[16] *Griffies*, 272 Ga. at 509.

[17] *Griffies*, 272 Ga. at 509; *Yates*, 265 Ga. at 508-509. Compare OCGA § 45-9-21, which sets forth provisions that apply when a local government is defending a local official in an action filed against the official.

which the county is located, upon application, determines that an ethical conflict exists, clearing the way for the county officer to hire counsel at the county's expense. This Court erred in the cited cases and errs again in the present case by establishing a rule that directly conflicts with the expressed will of our legislature.

Were it not for the county's agreement to pay Boswell's attorney fees, the result would necessarily be different had this Court given proper deference to the statutory scheme. The last sentence of OCGA § 45-9-21 (e) (2) sets a condition precedent to submission of the issue to the chief judge and to a determination that hiring outside counsel is appropriate: "This subsection shall not apply unless the governing authority of the county has first denied a written request by a county officer for counsel." Id.

Because there is nothing in the record of this case to indicate that Boswell made a written request for counsel or that the issue was submitted to the chief judge for decision, she would not have been entitled to attorney fees pursuant to the statute. Since she was entitled to those fees only because the county agreed to pay them, the majority's direction that attorney fees be assessed in Boswell's favor just because she was the prevailing party on this appeal is unauthorized. Although I cannot agree with the reasoning behind the majority's grant of attorney fees to Boswell, I concur in that grant because of the county's agreement to pay them.

DECIDED JULY 2, 2001.

*Brenda H. Trammell*, for appellant.
*Mills & Moss, David C. Moss*, for appellees.