S04A0358, S04A0588. BOARD OF COMMISSIONERS OF
DOUGHERTY COUNTY et al. v. SABA (two cases).

(598 SE2d 437)

BENHAM, Justice.

On July 29, 2003, appellee Dougherty County Sheriff Jamil Saba filed a petition for mandamus absolute and a complaint for a temporary restraining order and injunctive relief in the Superior Court of Dougherty County after he was notified that appellants, members of the Board of Commissioners of Dougherty County, had adopted a county budget that discontinued funding for specified jobs within the sheriff's department.[1] The same day, the sheriff also filed a petition pursuant to OCGA § 45-9-21 (e) for appointment of an attorney to represent him and for payment of attorney fees. The chief judge of the Dougherty Judicial Circuit immediately granted the sheriff's petition for authorization to hire an attorney and ordered the county to pay "all reasonable attorney's fees and all reasonable costs and expenses enumerated in OCGA § 45-9-21 (e) (2)." On September 25, the trial court[2] granted mandamus absolute, enjoined the Board from removing any funds from the Sheriff's proposed budget since they "have not properly considered the budget requests," and directed the Board of Commissioners "to consider the Sheriff's budget request and properly exercise its discretion in so doing." Case No. S04A0358 is the Board's direct appeal from the trial court's order granting mandamus and injunctive relief, and Case No. S04A0588 is the Board's granted interlocutory appeal of the trial court's order authorizing the Sheriff to retain counsel and requiring Dougherty County to pay reasonable attorney fees, costs, and expenses incurred by the Sheriff in prosecuting the legal action.[3]

1. In his petition for mandamus absolute, the Sheriff cited his authority under OCGA § 15-16-23 to appoint deputies and contended the Board's refusal to fund his office for the services of Criminal

---

[1] In a June 30, 2003, letter reporting the Board of Commissioners' adoption of a county budget for July 1, 2003, through June 30, 2004, the county administrator informed the sheriff "the funding for the services of Criminal Investigations, Identification Technician and Patrol in the Sheriff's Department Budget will be discontinued effective July 31, 2003."

[2] In light of the parties involved in the lawsuit, all the judges of the Dougherty Judicial Circuit were recused in the case on July 31. After receiving notification of the recusal and a request for judicial assistance, the Administrative Judge of the Second Judicial Administrative Circuit designated Judge Ronnie Joe Lane of the Pataula Circuit to preside over the case.

[3] Prior to the issuance of the order granting mandamus relief, the Court of Appeals granted the Board of Commissioners' petition for interlocutory review of the order on attorney fees. The Court of Appeals transferred the granted interlocutory appeal to this Court after the trial court issued a final judgment in the case by granting the Sheriff's petition for mandamus relief and the Board's appeal from that final order was docketed in this Court. We consolidated the two appeals for review.

Investigations, Identification Technician and Patrol was an impermissible attempt to terminate six of the Sheriff's deputies, an impermissible instruction to the Sheriff as to which deputies he might hire and fire, and constituted an abuse of the Board's discretion. After a hearing, the trial court issued its order concluding the Board had improperly considered the Sheriff's budgetary request based on the court's determinations that the Board had "no control over the law enforcement power of the office of sheriff" and that the Board impermissibly had attempted to dictate to a constitutional officer how to operate his office by refusing to fund specific positions in the Sheriff's department.

The sheriff is an elected constitutional county officer and not an employee of the county commission. 1983 Ga. Const., Art. IX, Sec. I, Par. III (a); *Bd. of Commrs. of Randolph County v. Wilson*, 260 Ga. 482 (396 SE2d 903) (1990). Nonetheless, as a county officer, the sheriff's budget and accounts are subject to the authority of the county commission, which can amend or change estimates of required expenditures presented by the county officer. Id. The county commission has the power to cut the budget of an elected constitutional county officer (*Chaffin v. Calhoun*, 262 Ga. 202 (415 SE2d 906) (1992); *Bd. of Commrs. of Randolph County v. Wilson*, supra), but the county commission's changes to the budget submitted by the elected constitutional county officer may be judicially reviewed for abuse of discretion. *Griffies v. Coweta County*, 272 Ga. 506 (1) (530 SE2d 718) (2000). The focus of that judicial review is whether the county commission fulfilled its duty "to adopt a budget making reasonable and adequate provision for the personnel and equipment necessary to enable the sheriff to perform his duties of enforcing the law and preserving the peace." *Chaffin v. Calhoun*, supra, 262 Ga. at 203. A county commission which adopts a budget that does not provide *any* funds to the sheriff for law enforcement purposes has abused its discretion. *Wolfe v. Huff*, 233 Ga. 162, 164 (210 SE2d 699) (1974). Once a county commission adopts a budget for an elected constitutional county officer, the decision how to spend the funds allocated to that office falls "solely to [the constitutional officer] in the exercise of [his/]her duties" and the county commission "may not dictate to the [elected constitutional county officer] how the budget will be spent. . . ." *Griffies v. Coweta County*, supra, 272 Ga. 508 (1). See also *Boswell v. Bramlett*, 274 Ga. 50 (2) (549 SE2d 100) (2001).

In the case at bar, the trial court asked and answered the wrong legal question to find fault with the Board's action in adopting the 2003-2004 budget for the Sheriff's department. Instead of determining whether the Board had appropriated funds " 'making reasonable and adequate provision for the personnel and equipment necessary to enable the sheriff to perform his duties of enforcing the law and

preserving the peace'" (*Chaffin v. Calhoun*, supra; see also *Bd. of Commrs. of Randolph County v. Wilson*, supra, 260 Ga. 482), the trial court determined the Board, by delineating specific functions within the Sheriff's department that the adopted budget was not intended to cover, had improperly dictated to the Sheriff how to operate his office. However, the issue of whether the Board is improperly dictating to the Sheriff how to operate his office does not arise until a budget has been adopted, the Sheriff exercises discretion regarding the spending of the allocated funds, and the Board refuses to honor the Sheriff's spending decision. See *Griffies v. Coweta County*, supra, and *Boswell v. Bramlett*, supra. Accordingly, we vacate the trial court's order and remand the case to the trial court for determination of the question apropos of the case at this juncture: Did the Board of Commissioners adopt a budget for the Sheriff's department that did not reasonably and adequately provide for the personnel and equipment necessary to enable the Sheriff to perform his duties of enforcing the law and preserving the peace, and thereby abuse its discretion?[4]

2. In Case No. S04A0588, the Board of Commissioners takes issue with the chief judge's order authorizing the Sheriff to retain an attorney and ordering the County to pay that attorney's reasonable fees and expenses of litigation.

Since 1974,[5] the Georgia General Assembly has authorized local governments and other "public bodies" to adopt employment policies whereby the local government agreed to provide a defense to the local government's employees, supervisors, administrators, elected or appointed officers, and members of the governing body who were facing criminal, civil, or quasi-criminal actions arising out of the performance of their duties, so long as criminal charges did not involve property or money in which the governmental unit had an interest. OCGA § 45-9-21 (a), (b), and (d).[6]

In 1995, Georgia trial courts were given a judicially-created means and an additional statutory means by which a trial court might order a county to pay the reasonable fees charged a county official by an attorney not employed or retained by the county who represents the county official. On May 30, 1995, in *Gwinnett County v. Yates*, 265 Ga. 504, 508 (2) (458 SE2d 791) (1995), this Court ruled

---

[4] On remand, the trial court is reminded of the statutory right to a jury trial in a mandamus action should a question of fact be raised by the application and answer, and the statutory timing requirement for such a trial provided in OCGA § 9-6-27.

[5] Ga. L. 1974, p. 702, § 3.

[6] In 1991, subsection (c) was added to OCGA § 45-9-21, authorizing local governments to reimburse a criminally-charged person covered by the statute for all or part of the person's defense costs should the person be acquitted or the charges dismissed or nol prossed. Ga. L. 1991, p. 1821, § 1.

that the local government must pay a local government "official's" reasonable attorney fees as "an expense of government operation" where the official, "acting in his official capacity, is required to hire outside counsel to assert a legal position the local government attorney cannot (because of a conflict in representing the local government) or will not assert, and the official is successful in asserting his or her position. . . ." Forty days earlier, on April 20, the General Assembly's amendment of OCGA § 45-9-21 was approved. Ga. L. 1995, p. 1063, § 1. The amendment added subsection (e) (2),[7] which authorized the chief judge of a judicial circuit to permit a "county officer," statutorily defined in subsection (e) (1) as the elected constitutional county officers set out in Article IX, Sec. I, Par. III of the 1983 Georgia Constitution, to employ legal counsel and to have the county pay the reasonable fees of such counsel in any civil case in which the county attorney had a conflict of interest which ethically prevented the attorney from representing the county officer and the county, the county's governing authority, or another county officer or employee when the chief judge of the superior courts of that circuit determined there was an ethical conflict and the county's governing authority had denied the county officer's written request for counsel. The judicially-created method requires only that the governing authority's attorney have a conflict of interest in representing the government official and that the official successfully assert his or her position in order to have reasonable attorney fees paid by the local government. See *Jennings v. McIntosh County*, 276 Ga. 842 (5) (583 SE2d 839) (2003); *Boswell v. Bramlett*, 274 Ga. 50 (3) (549 SE2d 100) (2001); *Griffies v. Coweta County*, supra, 272 Ga. 506; *Gwinnett County v. Yates*, supra, 265 Ga. 504. The legislatively-created method

---

[7] OCGA § 45-9-21 (e) (2) provides:

In any civil case in which the county attorney has a conflict of interest which would ethically prevent the county attorney from representing both the county, the governing authority of the county, or another county officer or employee and the county officer, upon a determination by the chief judge of the superior court of the circuit in which the county is located that an ethical conflict exists, the county officer shall be authorized to employ individual legal counsel to represent such county officer in such matter. The governing authority of the county shall pay the reasonable fees of such individual counsel and all applicable court costs, deposition costs, witness fees and compensation, and all other like reasonable costs, expenses, and fees; provided, however, that such attorneys' fees shall be no more than the rate paid to the county attorney for similar representation or in accordance with a schedule of rates for outside counsel adopted by the governing authority, if any. Such fees and costs shall be authorized by the chief judge of the superior court of the circuit in which the county is located. This subsection shall not apply unless the governing authority of the county has first denied a written request by the county officer for counsel.

is limited in coverage to the statutorily-designated elected constitutional county officers (see *Ward v. City of Cairo*, 276 Ga. 391, 395 (5) (583 SE2d 821) (2003)) who are involved "[i]n any civil case in which the county attorney has a conflict of interest" that prevents the attorney from representing the county and the county officer. The statute does not condition payment of attorney fees and litigation expenses on the county officer's successful assertion of his/her legal position.

In the case at bar, the Sheriff employed the statutory method to request authorization to hire an attorney and for county payment of reasonable attorney fees, and the chief judge of the superior court determined an ethical conflict existed. The Board contends OCGA § 45-9-21 (e) (2) is not available to award attorney fees to a county officer who is the plaintiff in a suit that presents the county attorney with an ethical conflict in representing the county officer, because OCGA § 45-9-21 was intended to protect public officers and employees from liability for damages arising from the performance of their duties. The Board maintains a plaintiff/county officer in such a situation may receive an award of attorney fees, but only under *Gwinnett County v. Yates* and its requirement that the county officer succeed on the merits in order to have the county pay the officer's reasonable attorney fees. Accordingly, the Board concludes, the trial court erred when it relied on OCGA § 45-9-21 (e) (2) to order the county to pay the Sheriff's attorney fees, and erred under *Gwinnett County v. Yates* when it ordered payment of the Sheriff's attorney fees prior to the conclusion of the litigation.

We address first the Board's contention that OCGA § 45-9-21 (e) (2), a 1995 amendment to OCGA § 45-9-21, is not applicable when the county officer seeking its coverage is the plaintiff in a lawsuit that presents the county attorney with an ethical conflict. In light of the differences in legislative language used in subsections (a)-(c) and (e), we disagree with the Board's position.

Subsections (a), (b), and (c) expressly give authorization to "municipalities, counties, and other public bodies" to adopt certain policies to defend a wide range of local government personnel. See subsection (a) (municipalities, counties and other public bodies may adopt policy to "undertake to defend"); subsection (b) (municipalities, counties, and other public bodies are not authorized to "furnish a defense" to certain criminal defendants); and subsection (c) (municipalities, counties, and other public bodies are authorized to reimburse certain criminal defendants for "all or part of the cost of the defense" if the defendant is acquitted or nol prossed).

Subsection (e), however, enacted 21 years after OCGA § 45-9-21, distinguishes itself from the other subsections of OCGA § 45-9-21. It involves only counties, expressly limits its coverage to the holders of

the four elected constitutional county offices set forth in Article IX, Sec. I, Par. III of the Georgia Constitution: sheriff, superior court clerk, probate judge, and the county tax official, and does not limit its coverage to the *defense* of those elected constitutional county officers. Rather, subsection (e) (2) specifically provides coverage to those four officers when they are involved in "any civil case" which presents the county attorney with a representational ethical conflict.[8] Furthermore, subsection (e) is not written in terms of authorizing the county government to adopt a policy, but authorizes the elected constitutional county officer to employ legal counsel in a specified situation. See *Haralson County v. Kimball*, 243 Ga. App. 559 (3) (533 SE2d 762) (2000) (use of discretionary language in subsection (a) does not control application for attorney and fees filed pursuant to subsection (e) (2)).

In light of the language used by the legislature in subsection (e), we conclude that the four elected constitutional county officers covered by subsection (e) are authorized to employ separate counsel and have the county governing authority pay the reasonable fees of such counsel and all applicable court costs, subject to restrictions contained in subsection (e) (2), in any civil case in which the county attorney has an ethical conflict of interest preventing the attorney from representing the county officer, regardless of whether the county officer is proceeding as a plaintiff or a defendant in such civil suit. Accordingly, we affirm the order of the chief judge of the Dougherty Judicial Circuit which granted the Sheriff's petition for authorization to hire an attorney and ordered Dougherty County to pay all reasonable attorney fees and costs and expenses set forth in OCGA § 45-9-21 (e) (2). In light of our holding concerning the applicability of OCGA § 45-9-21 (e) (2) to the case at bar, we need not address the Board's contention that the issuance of the attorney fee order prior to the conclusion of the litigation was not appropriate under *Gwinnett County v. Yates*.

*Judgment vacated and case remanded with direction in Case No. S04A0358. Judgment affirmed in Case No. S04A0588. All the Justices concur.*

DECIDED MAY 24, 2004 —
RECONSIDERATION DENIED JULY 12, 2004.

---

[8] In a footnote in *Boswell v. Bramlett*, supra, 274 Ga. 53, this Court, without discussion, described OCGA § 45-9-21 as applying when a local government is defending a local official in an action filed against the official. Closer scrutiny of OCGA § 45-9-21 shows the footnote to be accurate with regard to subsections (a)-(c), but not as to subsection (e).

*Jenkins & Olson, Frank E. Jenkins III, Brandon L. Bowen, William Spencer Lee IV*, for appellants.

*Steven E. Scheer, Charles W. Byrd*, for appellee.

*Tucker, Everitt, Wheale, Long & Brewton, John B. Long*, amicus curiae.