**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 28, 2018**

# In the Court of Appeals of Georgia

A17A1607. JOHNSON v. DEKALB COUNTY, GEORGIA.

MERCIER, Judge.

This appeal arises from two lawsuits filed by Irvin J. Johnson, the then-Chief Deputy Tax Commissioner of DeKalb County, against DeKalb County and DeKalb County election officials, seeking to be appointed DeKalb County Tax Commissioner, and challenging a special election for that office. The trial court consolidated the two cases. Following a bench trial, the trial court issued an order finding a local law, Ga. L. 2008, p. 3856, § 1, unconstitutional, declaring that Johnson succeeded to the office of DeKalb Tax Commissioner without the need for a special election, and denying Johnson's request for attorney fees. The only issue on appeal is whether Johnson should have been awarded attorney fees pursuant to either OCGA § 45-9-21 (e) (2)[1]

---

[1] OCGA § 45-9-21 (e) (2) provides that "[i]n any civil case in which the county attorney has a conflict of interest which would ethically prevent the county attorney

or the judicially-created method under *Gwinnett County v. Yates*, 265 Ga. 504 (458 SE2d 791) (1995).[2] As discussed below, the trial court erred in failing to grant reasonable attorney fees under *Yates*, and as such, we reverse and remand.

"In reviewing a bench trial, we view the evidence in the light most favorable to the trial court's rulings, defer to the trial court's credibility judgments, and will not set aside the trial court's factual findings unless they are clearly erroneous . . .. But a trial court's conclusions of law are subject to de novo review." *Smith v. Northside Hosp., Inc.*, ____ Ga. ____ (807 SE2d 909, 914) (2017) (citations and punctuation omitted).

---

from representing both the county, the governing authority of the county, or another county officer or employee and the county officer, upon a determination by the chief judge of the superior court of the circuit in which the county is located that an ethical conflict exists, the county officer shall be authorized to employ individual legal counsel to represent such county officer in such matter. The governing authority of the county shall pay the reasonable fees of such individual counsel and all applicable court costs, deposition costs, witness fees and compensation, and all other like reasonable costs, expenses, and fees; provided, however, that such attorneys' fees shall be no more than the rate paid to the county attorney for similar representation or in accordance with a schedule of rates for outside counsel adopted by the governing authority, if any. Such fees and costs shall be authorized by the chief judge of the superior court of the circuit in which the county is located. This subsection shall not apply unless the governing authority of the county has first denied a written request by a county officer for counsel."

[2] The appeal was originally filed with the Supreme Court of Georgia due to a claimed constitutional question, but as Johnson only appealed the denial of his request for attorney fees, the Supreme Court transferred the case to this Court.

OCGA § 48-5-128.1 (a) provides that "[i]n all counties of this state having a population of 550,000 or more according to the United States . . . census . . . and in which there exists the office of tax commissioner, the tax commissioner shall be required to appoint from among the assistants or deputies in his office a chief deputy."[3] In the instance of a vacancy in the office of tax commissioner in any county specified in OCGA § 48-5-128.1 (a), "the person appointed as chief deputy by the tax commissioner . . . shall succeed to the office of tax commissioner and fill the unexpired term of the tax commissioner of the county." OCGA § 48-5-128.1 (c). However, on May 13, 2008, a local law, Ga. L. 2008, p. 3856, became effective and provided that in the event of a vacancy in the office of the DeKalb County Tax Commissioner, the vacancy should be filled by a special election. See Ga. L. 2008, p. 3856, § 2.

On October 9, 2007, the Tax Commissioner of DeKalb County, Claudia G. Lawson, appointed Johnson as Chief Deputy Tax Commissioner. Thereafter, on November 30, 2015, Lawson tendered her letter of retirement to the Governor, effective December 31, 2015. In order to determine how the tax commissioner vacancy would be filled, and in an attempt to square the seemingly conflicting provisions in

---

[3] The parties stipulated that at all times relevant hereto DeKalb County's population exceeded 550,000.

OCGA § 48-5-128.1 and Ga. L. 2008 p. 3856, DeKalb County Attorney O. V. Brantley issued a memorandum, dated February 8, 2016, to the DeKalb County Election Director, Maxine Daniels, regarding Brantley's interpretation of the pertinent laws. Brantley's memorandum stated inter alia that "[t]hough reasonable minds may differ, the General Assembly likely intended for the Local Law to apply over the State Tax Commissioner Statute" and recommended that a special election be held to fill the tax commissioner vacancy. Johnson was one of several county officials to whom copies of the memorandum were sent.

On February 18, 2016, a special election to fill the unexpired term of the DeKalb County Tax Commissioner was announced for May 24, 2016. Johnson qualified to run for the unexpired term of the tax commissioner. On May 18, 2016, Johnson filed a declaratory judgment action against DeKalb County, seeking a judgment holding Ga. L. 2008, p. 3856 unconstitutional, declaring the May 24, 2016 special election unconstitutional, and seeking specified interlocutory and permanent injunctive relief.

The May 24, 2016 special election took place as scheduled between Johnson and two other candidates. None of the candidates received more than 50 percent of the votes. As a result, a run-off election was scheduled for July 26, 2016. On June 1, 2016, Johnson filed his second lawsuit. The second action was filed pursuant to the Election Code (OCGA § 21-2-524), named Daniels and the DeKalb County Board of

4

Registration and Election as defendants, and contested the results of the special election in which he had been a candidate.

Following a bench trial, but prior to the trial court's issuance of its final order, Johnson sent two written requests for attorney fees under both OCGA § 45-9-21 (e) (2) and *Yates*, dated August 10, 2016 and August 11, 2016 to counsel for the defendants. Johnson also filed, in the consolidated case, a petition for attorney fees and costs under OCGA § 45-9-21 (e) (2) and *Yates*. On September 9, 2016, the trial court issued its final order in the case, pertinently denying Johnson's request for attorney fees, stating that Johnson had failed to follow the procedure required by OCGA § 45-9-21 (e) (2). The trial court did not make a finding as to whether Johnson was entitled to attorney fees under *Yates*.

1. *Yates* provides that where

> an official, acting in his official capacity, is required to hire outside counsel to assert a legal position the local government attorney cannot (because of a conflict in representing the local government) or will not assert, and the official is successful in asserting his or her position, the local government must pay the official's attorney fees.

*Yates*, supra at 508 (2). "The judicially-created method [under *Yates*] requires only that the governing authority's attorney have a conflict of interest in representing the government official and that the official successfully assert his or her position in order

to have reasonable attorney fees paid by the local government." *Bd. of Commrs. v. Saba*, 278 Ga. 176, 179 (2) (598 SE2d 437) (2004). "This is not because of any bad faith or improper conduct on the part of the local government. Rather, attorney fees in this instance are simply an expense of government operation." *Boswell v. Bramlett*, 274 Ga. 50, 53 (3) (549 SE2d 100) (2001) (citation and punctuation omitted).

In the instant case, the trial court stated that "clearly it's a circumstance where the County Attorney had a conflict. . ." and "[i]t is palpably a circumstance in which the County Attorney had a conflict of interest." Moreover, Johnson prevailed in his declaratory judgment action (though not on the election petition.)[4] Because Johnson was acting in his official capacity in filing the declaratory judgment action,[5] because the trial court ruled in favor of Johnson on the declaratory judgment claim he asserted in this action, and because the DeKalb County attorney could not assert Johnson's position because of a conflict of interest, we conclude that Johnson is entitled to an award of reasonable attorney fees for the independent counsel he retained to represent him in the declaratory judgment action. See *Boswell*, supra. at 52-53 (3). Accordingly,

---

[4] The trial court stated that its ruling was not under the election code, and specifically awarded court costs to Johnson for the declaratory judgment action only.

[5] See generally *Jennings v. McIntosh County Bd. of Commrs.*, 276 Ga. 842, 847 (5) (583 SE2d 839) (2003) (magistrate acted in her official capacity when she filed suit seeking compensation and a return to her duties as Clerk of the Magistrate Court of McIntosh County.)

we remand the case to the trial court for it to assess reasonable attorney fees in favor of Johnson. See *Yates,* supra at 509 (2).[6]

2. In light of our holding concerning the applicability of *Yates* to the case at bar, we need not address Johnson's contention that he was entitled, in the alternative, to attorney fees under OCGA § 45-9-21 (e) (2). See generally *Saba*, supra at 181 (2).

*Judgment reversed and case remanded with direction. Barnes, P. J., and McMillian, J., concur.*

---

[6] This Court acknowledges that the judicially created method under *Yates* effectively swallows OCGA § 45-9-21 (e) (2). However, we are constrained to follow the Supreme Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.